VLADIMIR LOUIS BROSCH V. STATE

No. 34,022.   January 10, 1962
Motion for Rehearing Overruled February 21, 1962

*Gauntt & Carswell,* Georgetown, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated, as a second offender; the punishment, one year in jail and a fine of $500.00.

Richard James Newland testified that he and his fiance were riding in a Studebaker automobile driven by Milton P. Keith, who was accompanied by his ex-wife; that they were just outside the city limits of Bartlett, traveling in a southerly direction at about 40 miles per hour; that they met a black Ford traveling in a northerly direction; that appellant was driving the Ford and was alone; that the Ford was on the wrong side of the highway; that Keith jerked the Studebaker toward the bar ditch on the right hand side of the highway but was unable to avoid a collision with the Ford; that the left side of the Studebaker was badly damaged; that Keith suffered a broken leg in the collision; that he talked with appellant after the collision and that appellant weaved when he walked, smelled of intoxicants, and was in his opinion intoxicated.

James Bailey testified that he operated a wrecker service in connection with his Chevrolet agency; that he was called to the scene of the accident on the date in question; that he observed appellant; that appellant had a scratch on his hand, but stated that he was not hurt, and that appellant had difficulty in keeping his balance, was hard to understand when he talked, and was in his opinion intoxicated.

Travis Thomas and Norman Autrey testified that they were highway patrolmen, that they talked with appellant at the scene of the accident, that appellant was loud and profane, that he was unsteady on his feet and smelled strongly of intoxicants, and was in their opinion intoxicated.

Appellant was identified as being the person convicted in the prior misdemeanor case.

Appellant did not testify or offer any evidence in his behalf, and we find the evidence sufficient to support the conviction. We will discuss the contentions advanced in the brief.

Appellant's complaint that the court erred in refusing his motion to quash the venire is not raised by a formal bill of exception, and the transcript does not show that the motion to quash was ever presented to the trial judge; and if it was so presented, there is no exception to the overruling of the motion, which under Article 760e, V.A.C.C.P., is requisite to authorize this Court to consider the question without a bill of exception.

Appellant contends the court erred in overruling his motion to quash the indictment, his objection to the court's charge, and

his objection to the introduction of the previous misdemeanor conviction for driving while intoxicated on the ground that the judgment in such conviction was not approved or signed by the trial judge.

The judgment, which was introduced in evidence, bears the certification of the county clerk that it is a true and correct copy of the judgment in Cause No. 12,818, as it appears of record in Volume 8, page 372, of the Criminal Minutes of the Williamson County Court, and the separate statement of facts adduced on the motion to quash the indictment indicates that the above Criminal Minutes were approved and signed by the Williamson County judge. Appellant's contention is overruled.

Appellant further contends that the judgment in the misdemeanor cause was insufficient under the provisions of Article 784, V.A.C.C.P., because it failed to commit the defendant to the sheriff to serve his jail sentence. We do not agree that this would prohibit the use of the judgment in a subsequent prosecution for a felony offense.

Appellant contends that the court erred in overruling his motion for a mistrial when the following occurred while appellant's counsel was cross-examining patrolman Thomas:

"Q. When Mr. Brosch told you the other car had come over the center stripe and hit him, what did you say; what did you do? A. What did I say to him?

"Q. Yes. A. I don't recall the entire conversation. I believe I went into something about his drinking, *ask* him if he was at it again."

Patrolman Thomas' answer was responsive to the question asked by appellant's counsel and was invited by such question, thus, the court did not err in refusing to grant a mistrial. 5 Texas Jur. 2d 611, Sec. 409, and authorities cited thereunder. We observe further, however, that appellant's prior conviction for driving while intoxicated was before the jury, and it is difficult to perceive how the above testimony was harmful to him.

All of appellant's contentions have been carefully considered, and, no reversible error appearing, the judgment is affirmed.