**Robert James SHUMAKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46640.**

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

Malcolm Dade, Dallas, (Court appointed on appeal only), for appellant.

Henry Wade, Dist. Atty, John E. Rapier, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder with malice. Punishment was assessed by a jury at fifty years.

The sufficiency of the evidence is not challenged. Nevertheless, a brief recitation of the facts will be set out.

The record reflects that on the 26th day of September, 1970, one John Thomas Black was shot to death while eating barbecue at "Cole's Place" in Dallas. Daniel Miller testified that appellant walked into Cole's on the day in question with a pistol in his hand; that appellant then shot Black; that Black fell to the floor; and that appellant then "ran" out of Cole's.

Officer Arthur Comstock, of the Dallas Police Department, testified that on the day in question he was on duty near Cole's Place; that someone came up to his car and told him there had been a shooting over at Cole's Place; that he then went to Cole's Place and saw a large crowd gathering nearby; that a lady came up to him and stated that the man who did the shooting just went around the corner; that he went around the corner and saw appellant walking toward a car; that he then yelled at appellant to stop; and that appellant immediately started running. Comstock went on to testify that appellant had a gun in his hand which he threw to the ground when

he reached the car. Appellant was then handcuffed and taken into custody.

Appellant contends, by his first ground of error, that the state should have been collaterally estopped from prosecuting him because he had been previously no-billed by the grand jury for the offense based upon this same set of facts. The record reflects that on November 16, 1970, the Grand Jury of Dallas County no-billed appellant for the murder. Thereafter, on February 15, 1971, a new Grand Jury of Dallas County returned an indictment for the offense. Appellant argues that since one grand jury had no-billed him and another subsequently indicted him upon substantially the same facts and testimony that were heard by the first grand jury, the rule of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1969) on collateral estoppel should bar his prosecution. Appellant's counsel phrased the issue in his oral argument before this court in this way:

"Does the district attorney have the right to keep bringing a case before a grand jury?"

We answer that question under the facts of this case in the affirmative.

In Ashe v. Swenson, supra, it was stated:

"Collateral estoppel is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when *an issue of ultimate fact has once been determined by a valid and final judgment,* that issue cannot again be litigated between the same parties." (Emphasis supplied.)

See also Sutton v. State, 495 S.W.2d 912 (Tex.Cr.App.1973).

In the case at bar, no issue of an ultimate fact had been determined by a valid and final judgment. Hence, the rule of Ashe v. Swenson, supra, is of no help to appellant. Furthermore, a prior no-bill by a grand jury is not material in any way to the defense of a case. Smith v. State, 474 S.W.2d 486 (Tex.Cr.App.1972).

Appellant contends by his second ground of error that his oral confession to the arresting officers made at the police station was not admissible. Specifically, appellant argues that since there was no evidence of any constitutional warnings having been given to him while he was being detained at the police station, these oral statements could not have been legally admitted under Article 38.22, Vernon's Ann.C.C.P.

Appellant's counsel, during his cross-examination of Officer Comstock, brought out the following:

"Q. Mr. Comstock, . . . you told the grand jury that the defendant was very cooperative with us and he stated that when he got in there Mr. Black pulled his pistol out and shot in the floor and that's when the two witnesses that were there ran out of the house and they said they heard four more shots after they got outside and he turned out four more times, still had three rounds in his pistol and they recovered four, I think, at the scene. Can you recall that?

A. Yes.

Q. All right. So, really, of course, your memory is a lot fresher—

A. (Interposing) That's what he was saying after we got into the Bureau.

Q. Yes. Okay. That's what he told you while he was under arrest?

A. Yeah, while he was down at the Bureau, he was under arrest, we had him downtown when he told us that.

Q. Okay. . . . ."

In 5 Tex.Jur.2d, Appeal and Error— Criminal, Section 409, at pp. 611–612, it is written:

"The appellant, as a general rule, may not complain of errors consented to or invited by him, or contend that matter first injected into the case by him are prejudicial. Furthermore, the defendant cannot complain of evidence offered or brought out by himself."

Therefore, the rule is that an accused cannot invite error and then complain of it on appeal. See Holmes v. State, 140 Tex.Cr. App. 619, 146 S.W.2d 400 (1941).

Appellant brought out the fact that an oral confession was made while he was at the police station. Thus, no reversible error has been shown. See also VanBibber v. State, 371 S.W.2d 880 (Tex.Cr.App. 1963); Brosch v. State, 172 Tex.Cr.App. 92, 353 S.W.2d 461 (1962); Weatherred v. State, 129 Tex.Cr.App. 514, 89 S.W.2d 212 (1936).

 Appellant contends by his third ground of error that his statements made at the scene of arrest were illegally introduced into evidence because he had not been warned of his constitutional right to remain silent by the arresting officers. Appellant was handcuffed after Officer Comstock had approached him and told him to drop his gun. Comstock then asked appellant the following question: "Do you know anything about a shooting, anybody being shot down there?" Appellant replied: "Yeah, I shot that son of a bitch." This question and answer were elicited by the prosecutor upon direct examination of Comstock without objection.

It is well settled that a failure to timely object waives any error in the admission of evidence and presents nothing for review. See Taylor v. State, 489 S.W.2d 890 (Tex.Cr.App.1973); Humphrey v. State, 479 S.W.2d 51 (Tex.Cr.App.1972); Blanco v. State, 471 S.W.2d 70 (Tex.Cr.App. 1971); 5 Tex.Jur.2d, Appeal and Error— Criminal, Section 39, at p. 61. Further-

more, in view of the fact that the statement was made immediately after appellant's arrest and was a spontaneous, non-responsive answer, it was res gestae of the arrest and thus properly admissible. See DeHart v. State, 468 S.W.2d 435 (Tex.Cr. App.1971).

Appellant, by pro se brief, raises two grounds of error in reference to the fact that he had been previously no-billed by the Grand Jury of Dallas County and subsequently indicted for the same offense. This brief has been reviewed and the contentions therein are found to be without merit in light of our disposition of ground of error No. 1.

Finding no reversible error, the judgment is affirmed.

ONION, P. J., concurs in the results.