**Edward Thomas BOWEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 62239.

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 10, 1982.

was waived. Upon the finding of guilt, the trial court assessed punishment at 40 years confinement in the Texas Department of Corrections. Appellant advances two grounds of error: (1) that the indictment underlying his conviction is fundamentally defective;[1] and, (2) that the evidence is insufficient to support the finding of guilt.

In his first ground of error appellant contends that the indictment returned against him alleging his commission of murder is fundamentally defective, arguing that it fails to allege an act clearly dangerous to human life.

The indictment in the case alleges that appellant:

"... did then and there intend to cause serious bodily injury to Timothy Harless, hereafter styled the Complainant, and did cause the death of the Complainant by committing an act clearly dangerous to human life, namely, by beating him ... with his hands and fist."

V.T.C.A. Penal Code, § 19.02 provides in part:

"(a) A person commits an offense if he:

\*    \*    \*    \*    \*.    \*

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual."

Ellis C. McCullough, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Calvin A. Hartmann and Jack Bodiford, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

### OPINION

CLINTON, Judge.

This is an appeal from a conviction for murder, where the right to trial by jury

■ It is sufficient simply to allege the elements of the offense, without specifying the manner and means used to commit the murder. See *Boney v. State,* 572 S.W.2d 529, 532 (Tex.Cr.App.1978) (manner and means used to cause serious bodily injury, not being an element of aggravated assault need not be alleged) and *Castillo v. State,* 616 S.W.2d 620, 621 (Tex.Cr.App.1981) (alleging that accused engaged in conduct that caused serious bodily injury to a child states requisite elements of offense); see also *Washington v. State,* 603 S.W.2d 859

---

1. This first ground of error is raised initially as a "supplemental ground" in a "supplemental brief," but we have opted to address it anyway since the contention seems to be a matter of first impression.

(Tex.Cr.App.1980). Here, the pleader alleged all elements of the offense charged—and more. That "beating ... with his hands and fist" is not necessarily "clearly dangerous to human life" does not render the indictment fundamentally defective.

Appellant's second ground of error contends that the evidence is insufficient to support the conviction.

The record shows that on May 29, 1978, the wife of appellant was admitted to the hospital for an infection. This caused appellant to take a leave of absence from his job in order for him to watch his three stepchildren: Cindy Harless, age five; Keith Harless, age three and a half; and Timothy Harless, age two.

Appellant states in his second corrected affidavit (State's Exhibit No. 12), that at 7:00 a.m. on May 31, 1978, a friend of his wife brought two children by for him to watch. He and the children fell back to sleep until about 8:15 a.m. When appellant woke up and found that the two year old victim, Timothy Harless, had defecated on the bed, he "cuffed him on the head" with his knuckles and then cleaned him.

At noon appellant fixed the children lunch. When he discovered Timothy playing with his food, appellant "cuffed him on the head" another time. A little later appellant found Timothy playing again, so he decided to feed the boy himself. When the little boy spit out the food, appellant once again "cuffed him on the head" with his knuckles.

After the last "cuffing" incident, appellant brought the child inside to give him another bath, then planned to put him to bed.[2] The child continued to whine throughout the bath. Appellant proceeded to quiet the baby by grabbing him under the armpit and hitting him in the solar plexus with his fist. He claims he only hit the baby once. Timothy continued to cry;

appellant picked him up and dropped him on his back. Appellant states that he took the baby to the hospital immediately after this took place.

Upon the hospital's report of Timothy's condition, a police officer went to the Harless home to investigate. There appellant was found watching television. He invited the officer in and proceeded to tell him what had taken place. Appellant insisted that Timothy was standing on the bottom shelf of a desk ten inches from the floor when he fell, landing on his back and sustaining the injuries. Appellant went to the police station to make an affidavit describing the incident (State's Exhibit No. 11).

After further investigation, the police asked appellant to answer some additional questions. As a result, appellant executed another affidavit (State's Exhibit No. 12) stating he had not told the whole truth in his first affidavit. He was subsequently placed under arrest.

Appellant now asserts that the evidence is insufficient to establish both his intent to cause serious bodily injury, and that his acts caused the death of deceased.

■ Appellant was a 24 year old male, weighing approximately 200 pounds and measuring 5 feet 7 inches. The victim was a two year old male, weighing 30 pounds and measuring 31 and a half inches. In considering the evidence, it was appropriate for the court to take into account the relative sizes and strengths of the parties. As the Court stated in *Hignett v. State*, 170 Tex.Cr.R. 342, 341 S.W.2d 166, 169 (1960):

"It would be difficult to envision a set of facts showing an adequate cause for such an assault by a sane man upon a three months old baby or showing a purpose of a person wilfully inflicting such injuries by an assault other than to take the life of the baby."

Also see *Encina v. State*, 471 S.W.2d 384 (Tex.Cr.App.1971).

2. When the investigating officer arrived at appellant's home at 2:30, the bath tub was described as "completely dry." State's Exhibit No. 8, a photograph of the tub, shows no evidence of water in the tub.

The Harris County Assistant Medical Examiner was called to testify to her findings after performing an autopsy on the body of the Harless baby. She detailed her findings as follows: The abdomen was covered by twelve bruises; internal hemorrhaging due to blunt trauma occurred in the abdominal cavity, in the pancreas, in the mesentery of the small intestine to the colon, and also in the lungs. The lungs weighed twice their normal weight, indicating gradual heart failure. The stomach contained about 3 oz. of undigested food material, indicating the death occurred within four hours after noon when the child last ate. The Assistant Medical Examiner stated that it takes four hours for a person (or baby) to digest his food. In the upper part of the inside of the stomach was a major linear tear surrounded by several small tears. Once again this was caused by blunt trauma.

During examination of the head, an extensive hematoma at the base of the skull and a four inch fracture in the skull bone were found. Both symptoms most definitely could have resulted from a blunt trauma to the skull, according to the Assistant Medical Examiner.

In the Assistant Medical Examiner's medical opinion, the bruises, and the hemorrhaging to all the parts of the body were consistent with the result of a beating with a person's hands and fists. She also stated that in her medical opinion, based on the autopsy, the cause of death of Timothy Harless was a beating with someone's hands and fists.

> "The continued striking of a small child with the hands by an adult causing her to fall and strike her head in the manner shown by the evidence in this case is sufficient to sustain the verdict in light of the extensive and numerous injuries inflicted, and the medical testimony given as the result of an autopsy."

Brown v. State, 508 S.W.2d 91, 96 (Tex.Cr. App.1974). See Encina, supra; Hignett, supra.

In appellant's second affidavit, he claims that he only struck Timothy once in the solar plexus. But the Assistant Medical Examiner stated that the resulting bruises on the child's abdomen were due to the hitting with a fist, but "more than one time." Appellant also originally claimed that Timothy fell from the desk shelf onto his back which caused the injuries. After viewing a picture of the desk shelf and the carpeted floor (State's Exhibit No. 4), the Assistant Medical Examiner stated that the child definitely could not have sustained a 4 inch skull fracture, extensive hemorrhaging, and particularly, injuries and bruises to the stomach after a 10 inch fall from a desk shelf to a carpeted floor.

█ On consideration of appellant's admission that he repeatedly assaulted the baby, the victim's age and size, the nature and extent of the injuries, and the concededly false explanation initially given by appellant, we are constrained to hold the circumstantial evidence is sufficient to support the trial court's findings of appellant's specific intent, as well as his acts which caused the death of the child. Hignett, supra.

The judgment of conviction is accordingly affirmed.