# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00509-CR

**Allen Meeks, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 9034123, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Allen Meeks guilty of criminal trespass of a habitation and violating a protective order, and assessed both confinement and a fine for each offense. *See* Tex. Pen. Code Ann. §§ 25.07(g), 30.05 (West Supp. 2004-05). On appeal, Meeks presents three issues related to the evidence introduced against him in the punishment stage of trial. First, he argues that the district court violated his Sixth Amendment rights by preventing him from introducing evidence that a prosecution witness was on parole and, thus, possibly biased for the State. Next, Meeks claims that evidence of certain unadjudicated prior bad acts should have been excluded because the State's notice of intent to introduce that evidence was overly broad. Finally, Meeks asserts that he should have been permitted to introduce evidence that he had been "no-billed" by a grand jury for an extraneous sexual assault. We will affirm the judgment.

## BACKGROUND

In a three count indictment, the State alleged that Meeks committed burglary with intent to commit aggravated assault, aggravated assault with a deadly weapon, and violation of a protective order during a February 2003 incident involving his ex-wife, Frieda Jones. At the time of the incident, Meeks was under an April 8, 2002, agreed protective order entered by the Travis County district court that prohibited him from, among other things, committing acts of family violence or coming within 200 yards of Frieda, who was then married to him. The pair divorced in November of that year.

The State alleged that Meeks entered Jones' home uninvited on or about February 11, 2003. Jones testified that, as she woke up in her bed, Meeks was in her bedroom threatening her and swinging a club with metal on the end of it. Jones ran from the home and attracted the attention of an off-duty senior patrol officer for the Austin Police Department, Manuel Martinez, who happened to be driving by on his way to work. Martinez testified that, as he was driving, he saw a woman running in his direction waving her hands at him. Although Martinez recounted that it was cold outside, Jones was wearing a nightgown and was carrying her baby, who was wearing only a diaper.[1] According to Martinez, Jones was "very, very emotional, yelling, crying, repeating herself." Martinez then called 911 and asked for backup. Jones told Martinez that her husband was trying to kill her. Martinez then noticed Meeks peeking at them around the corner of a small building. Martinez ordered Meeks to come out, and Meeks was arrested.

---

[1] Meeks is apparently the father of this child.

Meeks was tried before a jury. Several witnesses testified, including Jones, Martinez, and Meeks. The jury acquitted Meeks of the charges of burglary of a habitation. Meeks was found guilty, however, of the lesser included charge of criminal trespass of a habitation, and of violating the protective order, although the jury found that he did not use a deadly weapon during the violation of the protective order. The jury assessed punishment at one year's confinement and a $4,000 fine on the criminal trespass charge; and ten years' confinement and a $10,000 fine for violation of the protective order. Meeks timely filed this appeal.

## DISCUSSION

Meeks does not challenge his adjudication of guilt but brings three issues concerning the evidence introduced during the punishment phase of trial. In his first issue, Meeks claims that his Sixth Amendment right to confront witnesses was violated when he was prevented from cross-examining a witness regarding possible bias arising from the witness's parole status. In his second issue, he complains that the State's notice of intent to introduce evidence of other alleged bad acts committed by Meeks was overly broad and insufficient. Finally, in his third issue, Meeks contends that the district court erred by failing to allow him to introduce evidence that an extraneous sexual assault charge against him had been "no-billed" by the grand jury.

### Right of confrontation

In his first issue, Meeks argues that his Sixth Amendment rights were violated because he was precluded from cross-examining a witness concerning her possible bias arising from her parole status. He relies on the same analysis in contending that rule 613 provides a separate basis

3

for permitting him to inquire into her underlying conviction and parole status. *See* Tex. R. Evid. 613. The State responds that Meeks waived these arguments by failing to produce evidence that the witness was actually on probation, by objecting at trial solely under rule 609 instead of under the Sixth Amendment or rule 613, and by failing to allege bias at the time of his objections. Alternatively, the State argues that any error was harmless.

At the punishment stage of the trial, the State called as a witness Meeks's sister, Brenda Meeks. Before she testified, the parties approached the bench to discuss matters that had been addressed in a motion in limine. During that discussion, Meeks's attorney noted that Brenda Meeks "was convicted in 1987 for delivery of controlled substance, sentenced to twenty-five years in the Institutional Division of the Texas Department of Criminal Justice, [and] would still be on parole and is so until the year 2012. As result thereof, I believe that since she is technically still confined due to the conditions of parole . . . that matter should be allowed pursuant to 609 for impeachment purposes of this witness."

Texas Rule of Evidence 609 permits, under certain circumstances, the admission of evidence that the witness has been convicted of a crime for the purpose of attacking the credibility of a witness. *See* Tex. R. Evid. 609(a). However, evidence of a conviction is not admissible under 609 if "a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *See id*. at 609(b).

4

Meeks's entire argument at trial concerning admission of Brenda Meeks's conviction centered on the application of rule 609 and, in particular, whether the rule's ten-year limitation on convictions began running upon Brenda Meeks's release from prison or would only begin running after she completed parole. On appeal, he does not contend that the trial court abused its discretion in regard to rule 609. Rather, Meeks complains only that the court violated his Sixth Amendment right to confront witnesses and rule 613.

Meeks urges that he did not waive the Sixth Amendment issue and that his arguments were sufficient to apprise the district court of his contention that the witness was potentially biased. He points to his statement at trial that the witness was "still serving that sentence. It's just a matter of her being on parole instead of in the institution. She could be sent back to the institutional division any time." We have reviewed the record, and it is clear that Meeks made these statements in the context of his argument regarding rule 609—when the ten-year period began to run—and that he was not referring to potential bias or his right to confrontation. Nor do these statements indicate any reliance on rule 613.

Except for complaints involving fundamental constitutional systemic requirements, "all other complaints based on a violation of both constitutional and statutory rights are waived by failure to comply with Rule 33.1." *Mendez v. State*, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); *see Gallups v. State*, 151 S.W.3d 196, 204-205 (Tex. Crim. App. 2004). In order to preserve error for our review, the record must show compliance with rule 33.1 of the rules of appellate procedure requiring that:

5

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

    (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

    (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

    (A) ruled on the request, objection, or motion, either expressly or implicitly; or

    (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Tex. R. App. P. 33.1; *see Gallups*, 151 S.W.3d at 204-205; *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). Texas Rule of Evidence 103(a)(1) contains similar guidelines, providing that if the ruling is one admitting evidence, a timely objection or motion to strike must appear on the record, "stating the specific ground of objection, if the specific ground was not apparent from the context." Tex. R. Evid. 103(a)(1); *Gallups*, 151 S.W.3d at 204-05. Additionally, it is well settled that the legal basis of a complaint raised on appeal cannot vary from that raised at trial. *See Gallups*, 151 S.W.3d at 204-05; *Heidelberg*, 144 S.W.3d at 537.

Although Meeks complains that his Sixth Amendment rights were violated by the district court's refusal to allow cross-examination on the issue of the witness's parole under rule 609, the district court never had the opportunity to consider the merits of that argument. *See Heidelberg*,

6

144 S.W.3d at 538 ("presenting a claim based solely on federal grounds will not suffice to put the court on notice to claims based on State grounds, unless the State ground is apparent from the context."). Nor was the district court presented the opportunity to consider Meeks's arguments regarding rule 613. Therefore, because Meeks's trial objection does not comport with the issues he raises on appeal, and his appeal grounds were not apparent from the context, he has preserved nothing for review. *See Mendez*, 138 S.W.3d at 338; *Ibarra*, 11 S.W.3d at 197; *see also Mumphrey v. State*, 155 S.W.3d 651, 656 (Tex. App.—Texarkana 2005, no pet.). We overrule Meeks's first issue.

**Notice of extraneous bad acts**

Next, Meeks argues that the district court erred by admitting evidence of certain unadjudicated bad acts because the State's notice was insufficient to allow his attorney to investigate the accuracy of the claims or otherwise defend against the allegations. Specifically, Meeks argues that the notices were "deficient to the point of being meaningless" because they were too vague to give notice regarding the testimony to be elicited by the State. For example, one of the State's twenty-nine issues included in its Second Amended Notice of Intent to Introduce Evidence of Extraneous Conduct[2] stated that it intended to introduce evidence that "on or about various dates

---

[2] Meeks's request for notice was addressed to the State but included an unsigned draft order at the end of the request. The State argues that Meeks's request was flawed because it was effectively a discovery order which was not signed by the district court. *See Espinosa v. State*, 853 S.W.2d 36, 38 (Tex. Crim. App. 1993); *see also* Tex. Code Crim. Proc. Ann. art. 37.07(g) (West Supp. 2004-05); Tex. R. Evid. 404(b). However, we do not reach this issue because we find that Meeks waived his challenge to the notice.

from January 1, 1955 and December 20, 1967, in Travis County and Atascosa County, Texas, the defendant committed the offense of injury to a child. The victim was Brenda Meeks." Apparently, this notice related to testimony that, *inter alia*, Meeks threw knives at his sister, Brenda Meeks, when they were children. Meeks submits that the broad time frames in the notice constitute "unreasonable notice under Article 37.07." *See* Tex. Code Crim. Proc. Ann. art. 37.07. However, this argument was not raised at trial.

Before Brenda Meeks was called as a witness in the punishment stage, the parties approached the bench to discuss Meeks's objections to lack of notice. Meeks complained about the timing of *when* notice was given—not that the notice was deficient because it was too broad. The prosecutor discussed the fact that she became aware of certain allegations by Brenda Meeks against Meeks approximately one week before trial and gave notice to Meeks's attorney the same day by facsimile. The court stated "well, it appears to me . . . that in terms of the seven days . . . the reason why the rule is written is just to give you-all a chance to prepare for it." Meeks's attorney agreed but stated that "the problem is that if we're in trial, I can't run down anything, try to investigate further." After discovering that notice was faxed eight days before trial, the court ruled that the notice complied with the court's order, and while "it's not as much notice" as the court would like, the fact that notice was given when the information was received was sufficient.

It is clear from the record that Meeks was not objecting that the time frames stated in the notice were vague, but about the timing of when he received the notice. The district court never had the opportunity to consider the merits of this argument because it was never raised. *See*

*Heidelberg*, 144 S.W.3d at 538. Therefore, we will not consider it for the first time on appeal. *See Mendez*, 138 S.W.3d at 338; *Ibarra*, 11 S.W.3d at 197; *see also Mumphrey*, 155 S.W.3d at 656. We overrule Meeks's second issue.

**Evidence of grand jury "no-bill"**

In his third issue, Meeks claims that the district court erred by preventing him from introducing evidence in the punishment stage that he had been "no-billed" by a grand jury for an extraneous unadjudicated sexual assault against his ex-wife, Jones. He relies on the general relevance principles stated in rule 401. *See* Tex. R. Evid. 401. The State first responds that the issue was waived, and that, alternatively, Meeks's attorney had rendered any error harmless by discussing the no-bill in closing argument.

During the punishment stage, a detective testified that Jones filed charges of sexual assault/domestic violence against Meeks in March 2002. On cross-examination of the detective, Meeks's attorney began a question by stating "And this case was no billed by a . . . ." The prosecutor quickly objected, pointing out that mention of the no-bill was barred by the motion in limine. Meeks's attorney "apologize[d] for the way the question came out" and later conceded that the question was covered by the motion in limine. At the bench, the prosecutor inquired whether evidence that the sexual assault was no-billed would be admissible. Although the district court stated that he didn't "know what rule would serve to keep it out," the prosecutor requested and

received an instruction to Meeks's attorney to "not go into it anymore."[3] The prosecutor also obtained a jury instruction to disregard the question.

At trial, Meeks's attorney never presented any reason why the evidence would be admissible or should not be subject to the motion in limine. Furthermore, he did not comment on or otherwise object to the court's instructing the jury to disregard the question. *See* Tex. R. App. P. 33.1. Therefore, the issue was waived.

However, even if error had been preserved, the district court did not abuse its discretion in excluding the evidence. The duty of a grand jury is to determine whether evidence exists to formally charge a person with an offense. *See Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996). "A Grand Jury's no-bill is merely a finding that the specific evidence brought before the particular Grand Jury did not convince them to formally charge the accused with the offense alleged." *Id*. Evidence of a prior "no-bill" does not address the issue of guilt, and was properly excluded because it was not material in any way to the defense of the case. *See Shumake v. State*, 502 S.W.2d 758, 760 (Tex. Crim. App. 1973); *Smith v. State*, 474 S.W.2d 486, 489 (Tex. Crim. App. 1971).

Furthermore, the evidence was constructively introduced in closing arguments. Describing the detective's testimony, Meeks's attorney told the jury that the detective believed both Jones and Meeks were credible witnesses; and that "there's evidence before you that Mr. Meeks has not ever been convicted of a felony. Sexual assault is a felony offense. That case was forwarded to

---

[3] The prosecutor stated "Can we just have him instructed not to go into it anymore since it is part of my motion in limine?" The court responded in the affirmative, then sustained the State's objection to the question.

10

the district attorney's office.  One must assume, since there's been no conviction, since [the detective] has never testified in court before, that that case went nowhere within their office."  The State did not object to this line of argument.  We overrule Meeks's third issue.

## CONCLUSION

Having overruled all of the issues on appeal, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed:   June 23, 2005

Do Not Publish

11