Opinion issued February 2, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-01089-CR

———————————

Sean Michael McGuire, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 240th District Court

Fort Bend County, Texas



Trial Court Case No. 10-DCR-055898

 



 

MEMORANDUM OPINION

          Sean
Michael McGuire appeals from the trial court’s denial of his first amended application
for writ of habeas corpus, in which he challenges the validity of the State’s
indictment and asserts collateral estoppel on the basis of a subsequent
indictment. We hold that the trial court did not abuse its discretion in
denying McGuire’s application.

Background

According to the State, the
following events occurred: McGuire was involved in a collision on FM 762 near
Highway 59 in Richmond, Texas. He left the scene before Texas Department of
Public Safety (DPS) troopers arrived. When the troopers arrived, they
discovered on the side of the road the dead body of David Stidman and his
motorcycle. The motorcycle appeared to have been dragged to its location.
Further down FM 762, the troopers discovered McGuire stopped in the middle of
the road in a black pickup truck. The truck had front end damage. McGuire had
bloodshot eyes, slurred speech, smelled of alcohol, and was unsteady on his
feet. He admitted to drinking before the crash. McGuire was determined to be
intoxicated and taken to Oak Bend Hospital for a blood test. His blood alcohol
level was double the legal limit at the time of the test. The test also
revealed Benzoylecognine, a cocaine metabolite, in his system.  

The State charged McGuire with
felony murder (Count I) and, alternatively, intoxication assault (Count II).
McGuire filed a application for writ of habeas corpus, arguing that the
indictment was “illegal and invalid.” The trial court denied the application,
and this appeal followed.




 

Standard of Review

We review a trial court’s denial of habeas corpus relief
under an abuse of discretion standard. Ex parte Wheeler, 203 S.W.3d 317, 326 (Tex. Crim. App.
2006); Ex parte Necessary, 333 S.W.3d 782, 787 (Tex. App.—Houston [1st
Dist.] 2010, no pet.). Under the abuse of discretion standard, we review
questions of law de novo. Ex parte Necessary, 333 S.W.3d at 787.

Validity of the Indictment

          McGuire
challenges the indictment on two grounds. He first contends that the State’s
indictment fails to allege an offense because it “alleges the Defendant
‘committed an act clearly dangerous to human life’ by an ‘omission’ in ‘failing
to maintain an adequate lookout for traffic and road conditions’ and by
‘failing to take proper evasive actions[,’] which is on its face volatile and
contrary to the charging prohibition contained in Section 6.01(c) of the Texas
Penal Code rendering the allegations in the attempted indictment in [this case]
not having stated an offense against the laws of the State of Texas.” McGuire next
complains that he is improperly restrained of liberty via constructive custody[1] “by the imposition and
restraint of an illegal and Invalid Indictment for the Offense of Murder [in
this case] after the same facts and circumstances ha[ve] been subsequently
presented to and ruled upon adverse to the State by a duly empanel[l]ed Grand
Jury in Fort Bend County, Texas by a ‘No-Bill’ on April 25, 2011 or stated
another way in legal consequence, an adverse finding of probable cause to
believe probable Cause exist[ed] to believe Defendant committed the offense of
Murder as alleged by the State. Said continued prosecution of the case after
the said Grand Jury[’s] ‘No-Bill’ is and should be collaterally estoppe[d] and
barred, under the legal doctrine of collateral estoppel under both the Texas
and Federally Constitutionally based law and precedent in which []he seeks to
prevent the State of Texas from further prosecuting h[im] for facts and
circumstances that have already been litigated and decided adversely to the
State of Texas.” 

We hold that the trial court did
not abuse its discretion in denying McGuire’s application for writ of habeas
corpus with respect to either of these arguments.

A.      Requirement of Voluntary Act or Omission

           Under the Texas Penal Code, a person commits
murder if, in the course of committing a felony, he commits an act clearly
dangerous to human life that causes a death. See Tex. Penal Code Ann.
§
19.02(b)(3) (West 2011).[2] Driving while intoxicated (DWI)
constitutes a felony if the person has been convicted of two prior DWIs. Id.
§§ 49.09(b)(2), 49.04 (West 2011).  Count I of
the indictment in this case charges McGuire with causing David Stidman’s death
by committing an act clearly dangerous to human life while in the course of
committing the felony of driving while intoxicated after two prior convictions
for DWI. The indictment identifies the act clearly dangerous to human life as:
“while driving a motor vehicle on a public street [McGuire] failed to maintain
an adequate lookout for traffic and road conditions and failed to take proper
evasive actions, and thus collided with a motorcycle driven by David Stidman
causing the death of David Stidman” while committing his third DWI. 

McGuire contends that the State’s
indictment cannot support a murder prosecution because it fails to allege an
“act” that is clearly dangerous to human life; instead, according to McGuire,
the indictment only alleges “omissions.” McGuire argues that an omission cannot
support a murder charge, relying on the “Requirement of Voluntary Act or
Omission” provision of the Penal Code. See
Tex. Penal Code Ann. § 6.01 (West 2011). This provision
provides that a person may commit an offense if he voluntarily engages in an
act or an omission, but limits the circumstances under which an offense can be
based on an omission: “a person who omits to perform an act does not commit an
offense unless a law as defined by section 1.07 provides that the omission is
an offense or otherwise provides that he has a duty to perform the act.” Id. § 6.01(c). Section 1.07 of the Penal Code defines a
“law” as meaning the Texas or United States Constitution, a state or federal
statute, a written opinion of a court of record, a municipal ordinance, an
order of a county commissioners court, or a rule authorized by and lawfully
adopted under a statute. Id. § 1.07 (West 2011).

The implication of McGuire’s
argument appears to be that his failure to maintain an adequate lookout for
traffic and road conditions and failure to take proper evasive actions are omissions
of actions that he had no legal obligation to take. But the law in Texas does
impose a duty on drivers to maintain an adequate lookout and take proper
evasive actions when necessary to avoid colliding with vehicles in front of
them, and the failure to abide by these and other traffic laws is a voluntary
act or omission upon which a criminal offense may be based. See, e.g., Lomax v. State, 233 S.W.3d 302, 304 n.5 (Tex. Crim.
App. 2007) (affirming felony murder conviction based on indictment alleging
that defendant “while in the course of and the furtherance of the commission of
[felony DWI] did commit an act clearly dangerous to human life, to wit: by
operating his motor vehicle . . . at an unreasonable speed, by failing to
maintain a proper lookout for traffic and road conditions, and by failing to
take adequate evasive actions prior to striking a motor vehicle occupied by [the
victim] and did thereby cause the death of [the victim].”); Stadt v. State,
182 S.W.3d 360, 361 (Tex. Crim. App. 2005) (affirming conviction for criminally
negligent homicide in vehicle collision based on failure to control speed,
failure to maintain proper lookout for traffic and road conditions, failure to
maintain single lane of traffic, and changing lanes in unsafe manner); Crume v. State, 658 S.W.2d 607, 608
(Tex. Crim. App. 1983) (affirming conviction for involuntary manslaughter based
on indictment alleging that defendant recklessly caused victim’s death when,
while driving while intoxicated, he caused his vehicle to collide with victim
“by failing to guide his vehicle away from the Complainant and by failing to
keep a lookout for the Complainant”); Carter v. State, No. 01-07-00301-CR,
2008 WL 5177903 (Tex. App.—Houston [1st Dist.] Dec. 11, 2008, pet. struck)
(mem. op., not designated for publication) (affirming felony murder conviction
based on commission of acts clearly dangerous to human life in course of felony
DWI, “to wit: failing to maintain a single lane of traffic, failing to take
proper evasive action, failing to control his speed, failing to properly use
the safety appliances in the motor vehicle operated by the defendant in a
timely manner, or failing to maintain a proper lookout thereby striking a
vehicle occupied by [the victim] and did thereby cause the death of [the
victim]”); Goodrich v. State, 156 S.W.3d 141, 145 (Tex. App.—Dallas
2005, pet. ref’d) (affirming criminally negligent homicide conviction based on
failure to control speed, failure to maintain single lane of traffic, failure
to maintain lookout, failure to attend to existing road conditions, and failure
to take proper evasive action); see also Tex. Transp. Code Ann. § 545.062(a)
(West 2011) (requiring driver to maintain safe distance from vehicle ahead in
light of traffic and road conditions, sufficient to allow driver time to stop
safely without colliding with car ahead or veering into another vehicle, object,
or person). 

Moreover, the indictment alleges the affirmative voluntary
actions of consuming alcohol and driving on a public street. See Lomax, 233 S.W.3d at 305 n.7 (noting
that, in felony murder cases based on third-offense DWI, the “voluntary act”
required includes the consumption of alcohol); see also Rogers v. State, 105 S.W.3d 630, 638 (Tex. Crim. App.
2003) (stating that section 6.01’s “voluntary act” requirement “does not
necessarily go to the ultimate act,” but rather, requires that the allegations
“include an act” that is voluntary).[3]

An indictment for felony murder is not required to allege
the constituent elements of the underlying felony. Tompkins v. State, 774 S.W.2d 195, 206 (Tex. Crim. App. 1987). And,
with respect to the elements of felony murder, it is generally sufficient for
the indictment to allege the elements of the offense without specifying the
manner and means used to commit the offense. Bowen v. State, 640 S.W.2d 929, 930–31 (Tex. Crim. App. 1982)
(holding that indictment that alleged elements of offense was sufficient and
identification of specific acts alleged to be clearly dangerous to human life
was additional information). The indictment in this case alleges the elements
of felony murder: during the course of committing the felony of third-offense
DWI, McGuire committed acts that a jury could conclude are clearly dangerous to
human life, and those acts caused the death of David Stidman. See Tex. Penal
Code Ann. §
19.02(b)(3) (identifying elements of felony murder).

          We hold that the trial court did not
abuse its discretion in denying McGuire’s writ of habeas corpus on the asserted
ground that the State failed to satisfy the requirements of section 6.01 of the
Penal Code. See Tex. Penal Code Ann. § 6.01. We overrule McGuire’s first issue.

B.      Collateral Estoppel 

          The
State’s original indictment against McGuire charged him with murder and,
alternatively, intoxicated manslaughter. The State subsequently sought a second
indictment charging McGuire with the same two offenses.[4] According to the pleadings
in the record, the grand jury initially returned a “true bill” on both
indictments but later notified the district attorney’s office that the “true
bill” on the second indictment had been returned in error. The State dismissed
the prosecution on the second indictment and moved forward on the original
indictment. 

Citing Ashe v. Swenson, McGuire asserts that the grand jury’s “no bill” of
the second indictment precludes the State from prosecuting McGuire on the
original indictment under the doctrine of collateral estoppel. 397 U.S. 436, 90
S. Ct. 1189 (1970). The Court of Criminal Appeals rejected a similar argument
in Shumake v. State, 502 S.W.2d 758,
760 (Tex. Crim. App. 1973). In Shumake,
after one grand jury “no billed” the State’s first indictment, a second grand
jury returned an indictment based on substantially the same facts and testimony
heard by the first grand jury. Id. Shumake
argued that collateral estoppel barred the State from prosecuting him under the
second indictment when a grand jury had returned a “no bill” on a earlier
indictment for the same charges. Id. The
Court disagreed. Id. It held that the
collateral estoppel rule in Ashe
applies to valid and final judgments, not grand jury indictments. Id. In rejecting Shumake’s argument, the
Court reiterated the rule that a prior “no bill” by a grand jury is not
material in any way to the defense of a case. Id. (citing Smith v. State,
474 S.W.2d 486 (Tex. Crim. App. 1972)).

The reasoning in Shumake defeats McGuire’s argument here.
The State’s second indictment is not a valid and final judgment to which the
collateral estoppel rule in Ashe applies.
See Shumake, 502 S.W.2d at 760; see also Ashe, 397 U.S. at 443, 90 S.
Ct. at 1194. McGuire argues that his case is distinguishable from Shumake  because the indictment that was “no billed” in
this case came after the indictment on which the State now prosecutes him. But
the analysis in Shumake is not
dependant on the order in which the indictments were presented to the grand
jury. See Shumake, 502 S.W.2d at 760.
We see no reason that the State should be permitted to continue to seek
subsequent indictments after a “no bill” but risk losing its right to prosecute
if it seeks a subsequent indictment after a “true bill.” Nor did the second
indictment act to vitiate or cancel the first indictment. See Louis v. State, 61 S.W.3d 593, 596 (Tex. App.—Amarillo 2001,
pet. ref’d) (observing that second indictment for same offense “merely
institutes another, new criminal action against the accused” and holding that
second indictment did not prevent prosecution of defendant under first
indictment) (citing Wallace
v. State, 170 S.W.2d 762, 764
(1943); Bonner v. State,
29 Tex. Ct. App. 223, 229, 15 S.W. 821, 821 (1890); Trevino v. State, 900 S.W.2d 815, 817 (Tex. App.—Corpus
Christi 1995, no pet.); United States v. Stricklin, 591 F.2d 1112, 1115 n.1 (5th Cir.),
cert. denied, 444 U.S. 963, 100 S. Ct. 449 (1979)). 

We hold that the trial court did not abuse its discretion in
denying McGuire’s application for writ of habeas on the asserted ground that
collateral estoppel bars the State from prosecuting him under the indictment in
this case. We overrule McGuire’s second issue.

Conclusion

          We
hold that the trial court did not abuse its discretion in denying McGuire’s
first amended application for writ of habeas corpus.

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           McGuire is not in jail but has been
released on bail.





[2]           The felony must be a felony other than manslaughter. See Tex. Penal Code Ann. § 19.02(b)(3).





[3]
          “Voluntariness” under Section
6.01 refers only to a person’s own physical body movements; it is separate and
distinct from any mental state requirement. See
Rogers, 105 S.W.3d at 638–39.





[4]
          The two indictments are largely
the same but contain some differences. The first indictment separates the
murder and intoxicated manslaughter charges into two counts, while the second
indictment separates these charges into two paragraphs. The first indictment
alleges that McGuire committed an act clearly dangerous to human life while in
the furtherance of a felony or in flight from commission of a felony, while the
second indictment eliminates the “in flight” alternative. The first indictment
contains the allegations regarding McGuire’s failure to maintain a proper
lookout and failure to take evasive action, while the second indictment
eliminates those details. Finally, the first indictment references only
intoxication by alcohol in the count relating to intoxicated manslaughter,
while the second indictment includes the alternative of intoxication by
controlled substance.