Bufford Lenell McDONALD,
Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellant.

No. 76–1576
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1977.

John L. Hill, Atty. Gen., Patrick P. Rogers, Asst. Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Joe B. Dibrell, Chief, Enforcement Div., Asst. Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

James D. Durham, Jr., Amarillo, Tex., (court-appointed) for petitioner-appellee.

Before THORNBERRY, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

In the district court the petitioner was granted federal habeas corpus relief from a sodomy conviction in the State of Texas. The basis for relief stemmed from the state's use of a prior uncounseled conviction against the petitioner at the punishment stage of his bifurcated trial. This prejudicial evidence was not objected to by petitioner's trial counsel as required by the Texas contemporaneous objection rule. We affirmed that grant of relief on the basis of the district court's opinion. *McDonald v. Estelle*, 536 F.2d 667 (5th Cir. 1976). The

*Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

respondent then sought certiorari review of our judgment in the Supreme Court. The Court vacated our judgment and remanded the case to us for further consideration in light of its intervening decision in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Estelle v. McDonald*, —— U.S. ——, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977).

Under *Sykes*, petitioner is precluded from obtaining federal habeas relief due to his procedural default unless he can establish cause for failing to object and that his trial was prejudiced by the introduction of the prior uncounseled conviction evidence. Inasmuch as we have already determined that this evidence was prejudicial, we remand this matter to the district court for the limited purpose of providing petitioner the opportunity to demonstrate cause for his noncompliance with the Texas contemporaneous objection rule. *See Jiminez v. Estelle*, 557 F.2d 506 (5th Cir. 1977). Absent such a showing, petitioner will not be entitled to relief.

REMANDED.