**Adolphus HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 62545.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 28, 1981.

On Rehearing Feb. 24, 1982.

Rehearing Denied March 24, 1982.

Max Blankenship, Fort Worth, Court-appointed on appeal only, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Tom Myers, Stephen Chaney, Randell P. Means, William Kane and Ken Link, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

This is an appeal from a conviction for felony theft in which the punishment, enhanced by two prior felony convictions alleged and proven, was assessed at life confinement. This opinion also involves a post-conviction petition for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P., which was filed during the pendency of the appeal of the theft conviction.

Appellant contends, among other things, that the evidence is insufficient to sustain the verdict of guilt in the theft conviction and that one of the convictions the State alleged and proved at the penalty stage for purposes of enhancing his punishment was void since he was indigent and not represented by counsel at the time the sentence was pronounced.

The complaining witness, C. B. Burdine, provided the only testimony submitted to the jury on the issue of guilt. According to Burdine, at approximately 8:00 a. m. on July 6, 1978, he was preparing to open Johnson's Gun Store where he had been employed for three years. During this preparation, he had removed approximately 100 Smith and Wesson handguns from the

safe and laid them on top of a glass display, into which he intended to place and lock them. Though he was not yet open for business, the front door was not locked; a man and a woman entered the front door and Burdine asked if he could help them. The man, identified as appellant, replied that he needed some ammunition. When asked what type he wanted, appellant asked his companion who replied she needed shotgun ammunition. Burdine then approached the woman, who was near the ammunition.

As he got the shells from the ammunition case, Burdine turned and saw appellant preparing to put one of the handguns under his shirt, which was not tucked in. Burdine asked appellant "what are you doing?" Appellant dropped the pistol then took another one out from under his shirt, where it had been secured under his arm, and dropped it on the display case too, saying "Let's get out of here." The woman "looked astonished" and the two ran out of the store. Burdine picked up a loaded pistol and walked out the door where he observed appellant and his companion leaving the store's parking lot in a red and white Chevrolet. Several days later, Burdine identified appellant in a corporal lineup.

Burdine testified that one of the pistols involved was a Model 28, .357 Magnum Smith and Wesson worth $180.00 to $200.00; the other was a .38 caliber Smith and Wesson worth between $170.00 and $185.00. He further testified he had given appellant no permission to handle, examine, pick up or otherwise take the pistols and it was a matter of store policy that no customer be given more pistols to examine than one at a time.

We believe the jury's verdict is adequately supported by the evidence.

The indictment returned against appellant alleged that he did,

"... intentionally and knowingly appropriate property, to-wit: two handguns, of the value of $200.00 or more, but less than $10,000 from the owner, C. B. Burdine, without the effective consent of the owner and with intent to deprive the owner of the property; ..."

It is apparently appellant's contention that, since he never left the shop with the handguns, he is at most guilty of attempted theft. But it is not essential that the property be taken off the premises; it is instead only essential that the evidence show an "exercise of control over the property,"[1] coupled with an "intent to deprive the owner of the property." We believe that, from the State's proof that appellant placed one of the pistols under his shirt, the jury was justified in finding an exercise of control over the alleged property with an intent to deprive, sufficient to support those elements of the offense. See *Barnes v. State*, 513 S.W.2d 850 (Tex.Cr.App.1974).

We hold the evidence adduced sufficiently supports the jury's verdict of guilt.

At the penalty stage of the trial the State offered into evidence pen packets concerning two prior convictions alleged for enhancement, one of which was a conviction for burglary obtained in Cause No. 6047 in the 29th Judicial District Court of Palo Pinto County on December 11, 1963. When the allegations in paragraph three had been read, describing the 1963 conviction, appellant personally pleaded "not true;" still, his trial counsel voiced no objection to the introduction of either prior conviction.[2]

During the pendency of the appeal from the theft conviction, appellant filed a postconviction application for writ of habeas

1. V.T.C.A. Penal Code, § 31.01, provides in part:

"(5) '*Appropriate*' means:

\* \* \* \* \* \*

(B) to acquire or otherwise *exercise control over property* other than real property."
(All emphasis is mine unless otherwise indicated.)

2. In a supplemental *pro se* brief appellant contends that failure of his appointed trial counsel to object indicts the latter as ineffective. However, as the State points out, the record is not in a condition such that the contention may be assayed with any confidence at this stage. Compare *Ex parte Scott*, 581 S.W.2d 181 (Tex. Cr.App.1979). Moreover, the disposition we are about to make of the matter makes the question moot.

corpus in the 29th Judicial District Court of Palo Pinto County contending that at the time he was formally sentenced in Cause No. 6047, he was indigent and without the assistance of counsel. The trial court convened a hearing on the application at which time appellant testified that his appointed attorney[3] had represented him at the trial of the burglary and was present when the jury's verdict of guilt was returned on December 6, 1963, but that his attorney did not appear on December 11, 1963 for the pronouncement of sentence. The trial court's docket sheet and the sentence itself, are both silent in this regard. But a transcription of the court reporter's notes from the sentencing proceeding make it clear that appellant was not at that time assisted by counsel.

The trial court thereafter entered findings of fact and conclusions of law in which he found, among other things,

"Applicant's court appointed attorney was not present at the time applicant was sentenced on December 11, 1963, in Cause No. 6047 on the docket of this court."

and then concluded,

"Under the existing law as this writer understands it, the sentence in Cause No. 6047 pronounced December 11, 1963, must be vacated and applicant returned to this court for resentencing."

The trial court then caused the record of the writ hearing to be forwarded to this Court consonant with the provisions of Article 11.07, § 2(d), V.A.C.C.P., where it was ordered filed as a brief in Cause No. 62,545, appellant's direct appeal of the theft conviction from Tarrant County.

While we are not bound by the findings of the trial judge, we have concluded that the evidence supports those findings. The sentence in Cause No. 6047 in Palo Pinto County is hereby set aside.[4]

Having set aside the sentence in one of the convictions alleged and used for enhancement of punishment (Cause No. 6047), we turn to the question of the proper disposition of the direct appeal.

In *Smith v. State*, 486 S.W.2d 374 (Tex. Cr.App.1972), involving a shoplifting case, we were faced with a similar situation. Two prior felony convictions had been alleged for enhancement of punishment in a McLennan County prosecution. At the penalty stage of the trial, that defendant had entered pleas of "guilty" to the enhancement allegations. Thus, no objection was offered. A life sentence was imposed and an appeal taken. While the appeal was pending in this Court, a postconviction habeas corpus application was filed in the trial court alleging that one of the prior felony convictions used for enhancement was void because petitioner had not been represented by counsel when his probation in that case was revoked. The trial judge found Smith was entitled to relief from such conviction, and forwarded the habeas record to this Court. In *Smith*, supra, at 377, this Court stated:

"Ordinarily, we do not consider habeas corpus matters attacking a prior conviction while the case involving such cause is on appeal. * * * Under the circumstances of this case, we have concluded that it would be a useless thing to require a separate proceeding after the appeal has become final. Therefore, we will consider the matter in disposing of the appeal."

Thereafter, this Court found the Midland County prior burglary conviction alleged for enhancement to be void. The life sentence for shoplifting originally imposed under Article 63, V.A.P.C., 1925, was reformed under Article 62, V.A.P.C., 1925, to 10 years

---

**3.** Both the court's docket sheet from Cause No. 6047A and appellant's testimony establish that the appointed attorney was Ben Hagman; the trial court's findings reflect that Hagman is now deceased.

**4.** The assessment of punishment was made by the trial court, sitting without a jury; thus, the

validity of the conviction is not in dispute. See Article 37.07, V.A.C.C.P.

In view of the fact that appellant discharged his 12 year sentence sometime in 1971, the State has the option to cause his return to Palo Pinto County for resentencing and commencement of the appellate process should he so desire.

imprisonment because the other prior conviction for burglary from Bell County and the primary offense of shoplifting were like offenses.

In the instant case, the penalty provisions of the 1974 Penal Code are applicable, and we cannot reform as we did in *Smith*, supra. Since appellant's trial in the Tarrant County theft case was before a jury at the penalty stage, our remand must be for an entirely new trial. *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Cr.App.1981); *Bolton v. State*, 619 S.W.2d 166 (Tex.Cr.App.1981); *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr. App.1980).

Accordingly, this cause is reversed and remanded to the trial court and appellant is ordered released to the Sheriff of Tarrant County to answer the theft indictment with the enhancement paragraph alleging Cause No. 6047 dismissed therefrom.

It is so ordered.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

McCORMICK, Judge.

Appellant was convicted of felony theft, enhanced by two prior felony convictions, including a 1963 Palo Pinto County conviction. The State introduced pen packets and fingerprint identification testimony to prove the prior convictions. At the time of their introduction, the defendant specifically stated that he had no objection to the pen packets. When the pen packets were introduced appellant did not contend that he was without counsel at the time of his 1963 Palo Pinto County conviction.

Following his conviction, appellant initiated an Article 11.07, V.A.C.C.P., habeas corpus proceeding, claiming that he was indigent and without counsel at the time of his 1963 Palo Pinto conviction. Simultaneously, on appeal in this case, he contends that the use of the 1963 conviction to enhance this conviction renders this conviction defective and, therefore, asks that this conviction be set aside.

The trial court, pursuant to its powers under Article 11.07, supra, found that appellant was indigent and without representation at the time of his 1963 conviction which was used for enhancement. The panel hearing this case, therefore, set aside the 1963 conviction pursuant to the writ and then reversed this case on direct appeal because it utilized the set-aside conviction for enhancement.

It has long been held that a failure to lodge a timely objection to evidence offered during trial precludes a defendant from later complaining, even if the alleged error were of constitutional dimension. See *Gibson v. State*, 516 S.W.2d 406 (Tex.Cr.App. 1974), and the cases cited there. See also *Shumake v. State*, 502 S.W.2d 758 (Tex.Cr. App.1973); *Ex parte Bagley*, 509 S.W.2d 332 (Tex.Cr.App.1974).

The original opinion in this case cited *Smith v. State*, 486 S.W.2d 374 (Tex.Cr.App. 1972), as authority for allowing a defendant simultaneously to attack the prior conviction on habeas corpus and then attack the conviction on appeal because an invalid conviction was used for enhancement. The other cases cited in the original panel opinion are inapposite. *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Cr.App.1981), and *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr.App.1980), both deal with instances in which the underlying conviction was based upon void charging instruments. We need not here address the correctness of those decisions. In *Bolton v. State*, 619 S.W.2d 166 (Tex.Cr. App.1981), a proper and timely objection was made to the introduction of the evidence of the prior conviction on the ground that appellant had been denied counsel.

It is apparent that this Court went outside the appellate record on appeal in *Smith v. State*, supra, and considered the writ application concommitant with the appeal because there was a belief that, if the case were affirmed on the basis of the appellate record, the defendant could successfully challenge the conviction by writ, claiming that the conviction used to enhance was invalid.

However, after *Smith*, this Court has made clear that a defendant may not collaterally attack a conviction on the basis that the defendant was without representation at a prior conviction used to enhance the conviction under attack if he did not so object at trial.

*Ex parte Reed*, 610 S.W.2d 495 (Tex.Cr. App.1981), was a case in which the petitioner attacked his conviction for assault with intent to murder on the ground that the prior convictions used to enhance the felony assault charge was invalid.

This Court, speaking through Presiding Judge Onion, stated:

> "With regard to the claim that the allegedly void prior convictions were introduced at his 1972 trial under Article 37.07, supra [V.A.C.C.P.], as part of petitioner's prior criminal record, we observe that there was no objection to the introduction of the evidence of the prior convictions at the time the exhibits were offered. Therefore, he waived any claim he may now assert to the 1972 conviction. *McDonald v. State*, 513 S.W.2d 44, 52 (Tex.Cr.App.1974)." 610 S.W.2d at 497.

See *Ex parte Sanders*, 588 S.W.2d 383 (Tex. Cr.App.1979). In that case, the defendant was convicted of robbery and the punishment was enhanced by proof of a prior felony conviction. On habeas, the defendant challenged the validity of the robbery conviction by contending that the conviction used to enhance was invalid because he had been denied an attorney. The Court held that failure to object at the trial on such ground barred the defendant from later complaining that the conviction was unconstitutional.

This rule has been recognized and approved by the Fifth Circuit Court of Appeals. In *Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977), cert. denied 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978), a petitioner complained that Texas had used an invalid conviction to enhance his punishment. The Fifth Circuit said:

> "But petitioner's counsel failed to object to the admission of the Oklahoma conviction on the ground that counsel had

not been provided on appeal. This failure worked a waiver of the constitutional error complained of here." 556 F.2d at 1331.

See also *Loud v. Estelle*, 556 F.2d 1326 (5th Cir. 1977).

That *Smith* has not been followed can be seen by examining other Texas cases. See *Loud v. State*, 499 S.W.2d 295 (Tex.Cr.App. 1973); *McDonald v. State*, 513 S.W.2d 44 (Tex.Cr.App.1974); *Garcia v. State*, 541 S.W.2d 428 (Tex.Cr.App.1976); *Boss v. State*, 489 S.W.2d 580 (Tex.Cr.App.1973), and *Ex parte Gill*, 509 S.W.2d 357 (Tex.Cr. App.1974).

*Ex parte Gill*, supra, resulted in *Gill v. Estelle*, 530 F.2d 1152 (5th Cir. 1976), opinion on petition for rehearing, *Gill v. Estelle*, 544 F.2d 1336 (5th Cir. 1976), cert. denied 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977). The Fifth Circuit abandoned its *Gill v. Estelle* holding after *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); see *McDonald v. Estelle*, 536 F.2d 667 (5th Cir.1976), vacated 433 U.S. 904, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977), on remand 564 F.2d 199 (1977), and *Loud v. Estelle*, supra, at fn. 12, p. 1330. In *McDonald v. Estelle*, supra, the Fifth Circuit had originally granted relief on the basis that an uncounseled conviction was introduced during the punishment phase of the trial, even though petitioner had not objected to the introduction. The Supreme Court thereafter vacated and remanded for consideration in light of *Wainwright v. Sykes*, supra. As noted above, the Fifth Circuit thereafter altered its view of the effect of a failure to object.

The State has a valid interest in requiring an objection and precluding the defendant from later complaining if no contemporaneous objection was lodged. Some of the reasons for having a contemporaneous objection rule are set out in *Wainwright v. Sykes*, supra, 433 U.S. at 88, 91, 97 S.Ct. at 2507, 2508, 53 L.Ed.2d at 609, 610, not the least of which is that it serves as "a major contribution to finality in criminal litigation." Allowing attacks on recent convictions on the basis of defects in a conviction

obtained twenty years ago, when an objection could have been raised at trial, serves, not justice, but mere perserverance. This overburdens the courts and tends to lower the quality of justice dispensed by the courts.

One can imagine how the original panel opinion would encourage the "sandbagging" denounced in *Wainwright v. Sykes,* supra. During the punishment phase of a trial a defendant would be foolish to attack a prior conviction offered by the State if he could wait a month, attack the prior conviction collaterally, and suddenly be entitled to a complete new trial, including a new attempt at a not guilty verdict. Likewise, defense counsel would have no incentive to even inquire into the validity of the prior conviction at trial.

■ Therefore, we hold that the failure to object at trial to the introduction of proof of a allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction. If an objection is timely lodged on proper grounds, the trial court can finally determine, at trial, whether the prior conviction was permissibly obtained and whether it is admissible as evidence. To the extent that this holding conflicts with *Smith v. State,* supra, *Smith* is overruled.

The State's motion for rehearing is granted, and the judgment is affirmed.

ONION, P. J., and TEAGUE, J., dissent.

CLINTON, Judge, concurring.

This Court is now moved to overrule a ten year old unanimous opinion, written by a former member of the Court whose adherence to regular procedure is legendary, and on which the panel opinion on original submission relied and followed. Though form is being exalted over substance, if the Court wills it, so be it. However, more than just *Smith v. State,* 486 S.W.2d 374, 377 (Tex.Cr.App.1972) must be interred, for it has progeny.

The opinion on original submission also cited *Bolton v. State,* 619 S.W.2d 166 (Tex. Cr.App.1981)—decided less than a year ago on the rationale of *Smith v. State,* supra—but the opinion of the Court in the case at bar says *Bolton v. State,* supra, is different because there "a *proper* and timely objection was made" [emphasis added] to introduction of pen packets showing prior convictions alleged for enhancement. Indeed, the attorney for Bolton did voice an objection contending that at the time Bolton was indigent and not represented by counsel. Still, as the *Bolton* opinion remarked, "Nothing was offered in support of the objection, and it was overruled," *id.,* at 167. That is to say, the objection in form had no apparent substance. Only during pendency of his appeal did Bolton demonstrate at a hearing on his application for postconviction relief in the convicting court that he was in fact without counsel, and there cause the habeas record be forwarded to this Court, given a cause number and filed and submitted. On the expressly stated authority of *Smith v. State* this Court En Banc granted relief in *Bolton.*

Without examining every mention of *Smith v. State* in opinions written during its lifespan, and acknowledging that some deal with other points, I direct attention to several principled progeny: *Ramirez v. State,* 486 S.W.2d 373 (Tex.Cr.App.1972); *Henderson v. State,* 552 S.W.2d 464 (Tex.Cr. App.1977); *Ex parte Rivers,* 559 S.W.2d 659 (Tex.Cr.App.1977); *Dinnery v. State,* 592 S.W.2d 343, 350 (Tex.Cr.App.1980); *Coronado v. State,* 617 S.W.2d 265 (Tex.Cr.App. 1981).

What is done today merely effectuates a change of policy rather than law. The Court seems determined to provide "incentive" for a criminal defense lawyer to "inquire into the validity of the prior conviction" in preparation for trial; it expresses no concern that the prosecuting attorney know the validity of *his* evidence, nor for the accused whose punishment is enhanced by a prior conviction obtained in demonstrable violation of constitutional guarantees of effective representation by competent counsel.

Still, a single judge must take policy as he finds it and, if that expressed in *Smith v.*

*State* and its progeny is no longer viable to a majority of the Court, he should accept the new policy as well.

Accordingly, I concur in the judgment of the Court.

ROBERTS, J., joins.