Affirmed and Memorandum Opinion filed May 1, 2003









Affirmed and Memorandum Opinion
filed May 1, 2003.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00200-CR

_______________

 

PETER BROOKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On
Appeal from 248th District Court

Harris County, Texas

Trial
Court Cause No. 883,043

                                                                                                                                                

 

M E M O R A N D
U M  O P I N I O
N

A
jury found appellant, Peter Brooks, a police officer employed with North Forest
Independent School District, guilty of misdemeanor theft by a public
servant.  In a single point of error,
appellant contends the trial court erred by failing to charge the jury on the
issue of mistake of fact.   We affirm.

Facts








Appellant
was employed approximately nine years as a security officer with the North
Forest I.S.D. Police Department.  During
the period relevant to this case, appellant worked the second shift, which ran
from 4:00 p.m. until midnight.  Appellant
was one of the subjects of an investigation regarding misrepresentation of time
on the job.  When Captain Fred Coutee and Chief Hubert Kerr of North Forest I.S.D. Police
Department learned that appellant was working a second job at Ben Taub Hospital, they obtained his hospital time sheets.  Without considering the travel time between
North Forest and Ben Taub Hospital (at least a twenty
minute drive), appellant worked 52 hours at Ben Taub
that overlapped with his North Forest hours. 
At $14 per hour, North Forest calculated that it had paid appellant $728
for hours he had not actually worked.

The
State presented proof that North Forest had rules prohibiting its officers from
working extra jobs outside the school district. 
However, appellant presented evidence that officers at North Forest
routinely arrived late and inaccurately recorded the time on sign-in
sheets.  Further, evidence was presented
that North Forest did not enforce rules calculated to prevent such activity.  Appellant alleges that cliques within the department
received special treatment and the rules were not equally enforced.  Additionally, appellant presented evidence
that his immediate supervisor also left early to work a second job at Ben Taub.  Finally, Chief
Kerr testified that enforcement of this policy was lax and that it was common
for officers to work extra jobs. 

Mistake of fact

A
defendant is entitled to a jury instruction on any defensive issue raised by
the evidence, regardless of the strength, weight, or credibility of the
evidence.  See Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App.
1999).  To determine whether the issue of
mistake of fact was raised, we view the evidence in light of Penal Code section
8.02, which provides in part: 

it is a
defense Athat the
actor[,] through a mistake[,] formed a reasonable belief about a matter of
fact[,] if his mistaken belief negated the kind of culpability required for the
commission of the offense.  

 

Tex. Pen. Code Ann. ' 8.02(a) (Vernon 1994). 








Appellant
was charged with theft by public servant. 
AA
person commits [theft] if he unlawfully appropriates property with intent to
deprive the owner of property.@  Tex. Pen. Code Ann. ' 31.03(a) (Vernon 2003).  Several witnesses testified that officers
regularly came to work late and left early without permission.  Further, these officers entered their
scheduled hours on the sign-in sheets, regardless of actual time worked.  Many witnesses testified that this standard
practice had been in effect for years. 
Appellant does not dispute the fact that he intended to engage in the
proscribed conduct.  Because leaving
early and arriving late was common-place, appellant contends that he had no
intent to unlawfully deprive his employer of its property.  In particular, his own supervisor left his
shift early to work a second job at Ben Taub. 

To
prove theft, it is essential that the State present evidence showing an Aexercise
of control@ over the property with an Aintent to deprive the owner.@  Hill
v. State, 633 S.W.2d 520, 521 (Tex. Crim. App.
1981).  Here, evidence of consent
to leave work early does not raise the mistake of fact defense because it does
not negate appellant=s intent to deprive, which is requisite to culpability.  Evidence of consent only casts doubt on
whether the intended taking was Aunlawful.@  Because appellant=s
purported mistake of fact did not negate the allegation of intent to deprive,
he was not entitled to the requested instruction.  Accordingly, appellant=s
sole point of error is overruled and the decision of the trial court is
affirmed.  

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed May 1, 2003.

Panel consists of
Justices Anderson, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).