ACCEPTED
06-14-00173-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/22/2014 4:44:47 PM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

12/30/2014 11:48:00 AM

DEBBIE AUTREY
Clerk

**No. 06-14-00173-CR**

---

**IN THE SIXTH DISTRICT COURT OF APPEALS
AT TEXARKANA, TEXAS**

---

**ROCHELLE SCHELLING**
                              **Appellant,**


**v.**


**THE STATE OF TEXAS**


**Appealed from the 124th District Court
Gregg County, Texas**

---

**BRIEF OF THE APPELLANT**

---

**Clement Dunn
State Bar No. 06249300
140 East Tyler, Suite 240
Longview, Texas 75601
Telephone: 903-753-7071
Fax: 903-753-8783**

**ORAL ARGUMENT WAIVED**

# IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1. Appellant:      Rochelle Schelling

2. Appellant's Trial Counsel:      Clement Dunn
   Attorney at Law
   140 E. Tyler Street, Suite 240
   Longview, TX 75601
   TSB No. 06249300

3. Appellant's Counsel on Appeal:      Clement Dunn
   Attorney at Law
   140 E. Tyler Street, Suite 240
   Longview, TX 75601
   TSB No. 06249300

4. Attorney for the State:      Christopher Botto
   Assistant District Attorney, Gregg County
   101 East Methvin St., Suite 333
   Longview, Texas 75601
   TSB No. 24064926

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# INDEX OF AUTHORITIES

## Cases

Hill v. State, 633 S.W.2d 520 (Tex. Crim. App. 1981).............................. 4

Jackson v. Virginia, 443 U.S. 307(1979).. ................................... 5

Drichas v. State, 175 S.W. 3d 795,798 (Tex. Crim. App. 2005)..................... 5

## Constitutional Provisions

Section 31.03(e)(4)(D) of the Texas Penal Code................................ 3

Section 31.03(a) of the Texas Penal Code.................................... 3

Section 31.01(4) of the Penal Code........................................ 3

Section 15.01(a), Texas  Penal Code....................................... 4

**STATEMENT OF THE CASE**

Offense:     Theft

Verdict:     Guilty; Fifteen (15) months confinement - Texas Department of Criminal Justice - State Jail Division

Date of Verdict:     June 30, 2014

Trial Court:     124th District Court, Gregg County, Texas.

This case involves a prosecution for Theft, a State Jail Felony, based on an enhancement of the underlying charge under Section 31.03(e)(4)(D), Texas Penal Code, alleging prior theft convictions. C.R., at 4. The Appellant waved her right to a jury trial, and proceeded in a bench trial on her plea of "not guilty." C.R., at 10;12. At the conclusion of this trial, the Court found the Appellant "guilty." C.R., at 112; R.R. 3, at 46-48. Following the preparation of a presentence report, the Court held a hearing on sentencing; at the conclusion of that hearing, the Court sentenced the Appellate to serve fifteen months' confinement in a State Jail. R.R.3, at 48; R.R.4, at 16.

**STATEMENT REGARDING ORAL ARGUMENT**

Believing the instant case contains issues capable of resolution on the basis of record and the Appellant respectfully does not request oral argument.

**ISSUE PRESENTED**

The evidence at trial was legally insufficient to show beyond a reasonable doubt that the Appellant committed theft.

BRIEF OF APPELLANT, ROCHELLE

## STATEMENT OF THE FACTS

At trial, the State first called Destinee Jeffery to testify. Ms. Jeffery testified that she was working at Wal-Mart on the date of this alleged theft. R.R.3, at 13-14. She described her encounter with the Appellant, who pushed a shopping cart containing several items past the area when the cash registers are within the store. Seeing this, Ms. Jeffery intervened, grabbing the cart, and confronting the Appellant. R.R.3, at 14-16.

When Ms. Jeffery asked the Appellant if she had a receipt for the merchandise in the shopping cart, the Appellant replied that she was going to the car to get her money. The Appellant left the store–leaving all of the merchandise, still in the shopping cart, behind. Ms. Jeffery watched her walking into the parking lot, and testified that she tried to get in a car, but was denied permission by the people in it; the Appellant next walked towards a gas station and did get into a car with someone. R.R.3, at 15-16.

Officers of the Longview Police Department arrested the Appellant approximately one and a half miles away, about twenty-five minutes after the event in question had occured at Wal-Mart. R.R.3, at 31-34. Officer Glenn Derr of the Longview Police Department testified that after taking the Appellant into custody, he returned her to Wal-Mart. Then she was identified as the person involved in the encounter with Ms. Jeffery. Id., at 34-37.

The State also introduced a videotape made by recording equipment at Wal-Mart. This tape depicts the encounter between Ms. Jeffery and the Appellant at the front of the store. Offered at R.R.3, at 19, this appears as Exhibit 3(R.R.5); the tape shows Ms. Jeffery approaching the Appellant and grabbing the shopping cart within the store. The Appellant never leaves the store with any of the property she is alleged to have stolen.

## SUMMARY OF THE ARGUMENT

The State failed to prove that the Appellant committed theft by legally sufficient evidence: the record that the Appellant never completed an "appropriation" of the property.

## ARGUMENT

Section 31.03(a) of the Texas Penal Code defines the offense of theft:

> (a) A person commits an offense of he unlawfully appropriates property with intent to deprive the owner of property.

Section 31.01(4) of the Penal Code defines the term "appropriate":

> (4) "Appropriate" means:
> (A) to bring about a transfer of purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or
> (B) to acquire or otherwise exercise control over property other than real property.

In the instant case, the Appellant neither "acquired" nor "exercised control" over the property she allegedly "appropriated".

Several salient points arise regarding the issue:

1.  The Appellant never left premises under the control of the owner of the property. She never exited the store. That the Appellant never "acquired" or "controlled" the property becomes clear when a store employee takes control of the shopping cart–and the property within it–entirely within the store itself.

2.  The property at all times remained in the shopping cart–which belonged to the store (the "owner"). The indictment does not allege–and no other implication arises from the record–that the Appellant "stole," or committed theft, of the shopping cart itself. Thus at all times the property remained within premises (the store itself) controlled by the

owner and within other property (the shopping cart) in the possession of and under the control of the owner(i.e., <u>not</u> alleged to have been "appropriated by the Appellant).

3. The facts reflect no concealment, or effort to conceal, any of the items from plain view of the public, store employees, or cameras, by the Appellant.[1]

4. The Appellant did not alter, impair, or damage any of the items.

5. The "tags," indicating ownership by the store, were not removed, altered, or impaired in any way by the Appellant.

6. The Appellant at no time trespassed or in any way entered any area not open to the public.

7. The record indicates no act on the part of the Appellant to conceal herself from the public view, or disguise her appearance in any way.

The Appellant thus did not "acquire" or "exercise control" over the property in any meaningful or substantive sense. If, <u>arguendo</u>, the Appellant did manifest an "intent" to commit theft, the facts show an "attempt" only–not a completed theft. Section 15.01(a), Texas Penal Code, states:

> (A) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

The Appellant, whatever the intent, failed to effect the act of theft: neither "acquisition" nor "exercise of control" reached completion. The enhancement of a theft that would otherwise fall into misdemeanor classification to a State jail Felony under 31.03(e)(4)(D), Texas Penal Code,

---

[1]See and cf. <u>Hill v. State</u>, 633 S.W.2d 520 (Tex. Crim. App. 1981), on which the trial court relied. See R.R.3, at 47. In <u>Hill</u>, the appellant had actually concealed a handgun (the stolen property) under his shirt. <u>Id.</u>, at 521. This provides a significant distinction between the facts of <u>Hill</u> and the facts of the instant case.

supra, requires a completed theft. Id. An "attempt"does not suffice for application of this enhancement provision. Id. Thus is the evidence against Appellant "legally insufficient" as that phase is understood in <u>Jackson v. Virginia</u>, 443 U.S. 307(1979)(relevant question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt). See also: <u>Drichas v. State</u>, 175 S.W. 3d 795,798 (Tex. Crim. App. 2005)(applying <u>Jackson</u> standard).

## PRAYER

The Appellant respectfully requests this case be reversed and dismissed.

Respectfully submitted,

__/s/ Clement Dunn_____

140 East Tyler Street, Suite 240

Longview, Texas 75601

(903) 753-7071 Fax: 903-753-8783

State Bar No. 06249300

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this brief was delivered to the Gregg

County District Attorney's Office, Longview, Texas on this 22nd  day of December 2014.

__/s/ Clement Dunn_____

**CERTIFICATE OF WORD COUNT**

I hereby certify that a total of 1548 words are included in this brief.

__/s/ Clement Dunn_____