No. PD-0438-15

**IN THE COURT OF CRIMINAL APPEALS**

**ROCHELLE SCHELLING**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**PETITION FOR DISCRETIONARY REVIEW**

**Clement Dunn**
**State Bar No. 06249300**
**140 East Tyler, Suite 240**
**Longview, Texas 75601**
**Telephone: 903-753-7071**
**Fax: 903-753-8783**

RECEIVED IN
COURT OF CRIMINAL APPEALS

July 24, 2015

ABEL ACOSTA, CLERK

**ORAL ARGUMENT WAIVED**

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.     Appellant:    Rochelle Schelling

2.     Appellant's Trial Counsel:     Clement Dunn
Attorney at Law
140 E. Tyler Street, Suite 240
Longview, TX 75601
TSB No. 06249300

3.     Appellant's Counsel on Appeal:     Clement Dunn
Attorney at Law
140 E. Tyler Street, Suite 240
Longview, TX 75601
TSB No. 06249300

4.     Attorney for the State:     Zan Brown
Assistant District Attorney, Gregg County
101 East Methvin St., Suite 333
Longview, Texas 75601
TSB No. 03205900

Lisa McMinn
State Prosecuting Attorney
PO Box 13046
Austin, TX 78711-3046
TSB No. 13803300

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

QUESTION FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

EXHIBIT A (COURT OF APPEALS' OPINION). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

# INDEX OF AUTHORITIES

## Cases

Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

Brown v. State, 333 S.W.3d 606, 608 (Tex. App.—Dallas 2009, no pet.). . . . . . . . . . . . . . *2*

Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

Hill v. State, 633 S.W.2d 520 (Tex. Crim. App. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

## Statutes and Codes

Section 31.03(e)(4)(D), Texas Penal Code. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Section 15.01(a), Texas  Penal Code. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 31.03(a) of the Texas Penal Code. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 31.01(4) of the Penal Code. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

NO. PD-0438-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

ROCHELLE SCHELLING                                                    Appellant

V.

THE STATE OF TEXAS                                                    Appellee

* * * * *

## PETITION FOR DISCRETIONARY REVIEW

* * * * *

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes Now the Appellant, by and through her attorney, Clement Dunn and respectfully

urges this Court to grant discretionary review of the above named cause.

## STATEMENT REGARDING ORAL ARGUMENT

Believing that this Honorable Court can resolve this case on the basis of the record and

the brief, Appellant respectfully does not request oral argument.

## STATEMENT OF THE CASE

Offense:      Theft


Verdict:      Guilty; Fifteen (15) months confinement - Texas Department of Criminal Justice

              - State Jail Division


Date of Verdict:      June 30, 2014

Trial Court:   124th District Court, Gregg County, Texas.

This case involves a prosecution for Theft, a State Jail Felony, based on an enhancement

of the underlying charge under Section 31.03(e)(4)(D), Texas Penal Code, alleging prior theft

convictions. C.R., at 4. The Appellant waved her right to a jury trial, and proceeded in a bench trial on her plea of "not guilty." C.R., at 10;12. At the conclusion of this trial, the Court found the Appellant "guilty." C.R., at 112; R.R. 3, at 46-48. Following the preparation of a presentence report, the Court held a hearing on sentencing; at the conclusion of that hearing, the Court sentenced the Appellate to serve fifteen months' confinement in a State Jail. R.R.3, at 48; R.R.4, at 16.

## STATEMENT OF PROCEDURAL HISTORY

Date of Opinion from Sixth Court of Appeals:          March 17, 2015

No motion for rehearing was filed.

## QUESTION FOR REVIEW

Has a potential "shoplifter" who has placed items in a shopping cart and who has not left the interior of the store when apprehended committed a "completed" act of theft?.

## ARGUMENT

The instant case involves an act of potential shoplifting–but an act that the Appellant respectfully conteneds remained potential only, not completed. The Appellant dies not contend she committed no crime. Rather, the Appellant argues here that the facts of the case should make her guilty of "attempted" theft–not a "completed" act of theft.

The Court of Appeals summarized the facts pertinent to this question as follows:

> In evaluating legal sufficiency, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found beyond a reasonable doubt that Schelling committed theft. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Brown v. State*, 333 S.W.3d 606, 608 (Tex. App.—Dallas 2009, no pet.). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to

draw reasonable inferences from basic facts to ultimate facts."
*Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing
*Jackson*, 443 U.S. at 318–19) .

Opinion, at 3-4. The Opinion goes further, describing the Appellant's exit from the store, and while she did act evasively–she no longer possessed any property belonging to the store.

Section 15.01(a), Texas Penal Code, defines a "criminal attempt as follows:

> Sec. 15.01. CRIMINAL ATTEMPT. (a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

Section 15.01(a), Texas Penal Code.

The Appellant respectfully submits that this language describes her conduct in the instant case. The "owner" never lost "control" over the property. The "theft" was never completed.

Section 31.03(a) of the Texas Penal Code defines the offense of theft:

> Sec. 31.03. THEFT. (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

Section 31.03(a), Texas Penal Code.

Section 31.01(4) of the Texas Penal Code defines the term "appropriate":

> (4) "Appropriate" means:
> (A) to bring about a transfer of purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or
> (B) to acquire or otherwise exercise control over property other than real property.

Section 31.01(4), Texas Penal Code.

As set forth in the Appellant's Brief on direct appeal, several points emerge from the record that tend to show that the Appellant may have attempted a theft–but did not commit a completed offense of theft:

> 1.      The Appellant never left premises under the control of the owner of the property. She never exited the store. That the Appellant

never "acquired" or "controlled" the property becomes clear when a store employee takes control of the shopping cart–and the property within it–entirely within the store itself.

2. The property at all times remained in the shopping cart–which belonged to the store (the "owner"). The indictment does not allege–and no other implication arises from the record–that the Appellant "stole," or committed theft, of the shopping cart itself. Thus at all times the property remained within premises (the store itself) controlled by the owner and within other property (the shopping cart) in the possession of and under the control of the owner(i.e., not alleged to have been "appropriated by the Appellant).

3. The facts reflect no concealment, or effort to conceal, any of the items from plain view of the public, store employees, or cameras, by the Appellant.[1]

4. The Appellant did not alter, impair, or damage any of the items.

5. The "tags," indicating ownership by the store, were not removed, altered, or impaired in any way by the Appellant.

6. The Appellant at no time trespassed or in any way entered any area not open to the public.

7. The record indicates no act on the part of the Appellant to conceal herself from the public view, or disguise her appearance in any way.

Yet, the Court of Appeals concluded:

> Here the evidence showed that (the Appellant) removed merchandise from the store shelves, placed the items into her cart, walked past the cash registers, and was about to exit the store.

Opinion, at 5-6. The Court next finds: "The evidence is legally sufficient to show that (the Appellant) exercised control over the property in her cart." Id., at 6.

The Appellant respectfully asserts that the exercise of control had not been completed. Instead, this conduct "tended but failed to effect the commission of the offense intended." (See Section 15.01(a), Texas Penal Code, set forth above.). Significantly, the Appellant may have been "about to exit the store"–but did not. The Appellant never removed the property from the premises that also belonged to the owner

_____

[1] See and cf. Hill v. State, 633 S.W.2d 520 (Tex. Crim. App. 1981), on which the trial court relied. See R.R.3, at 47. In Hill, the appellant had actually concealed a handgun (the stolen property) under his shirt. Id., at 521. This provides a significant distinction between the facts of Hill and the facts of the instant case.

Petition For Discretionary Review, SCHELLING          4

of the property allegedly stolen. Also, although the Court of Appeals refers to "her" basket, in fact that basket belonged to the store–the owner of the property.

Citing, among other cases, <u>Hill v. State</u>, 633 S.W.2d 520, 521 (Tex. Crim. App. 1981), the Court states that to "show theft under Texas law, it is not necessary to establish that the property was removed or carried away from the premises." Opinion, at 5. But in <u>Hill</u>, the defendant concealed the property (a handgun) under his shirt. Additionally, there are instances in which individuals consume or destroy property without leaving the premises–e.g., a store–where the property was found. The instant case differs substantially from these.

The Appellant respectfully submits that where items are in a shopping cart that belongs to the store–the items are not in the direct, literal physical possession of the actor–then the actor has not completed the exercise of control over those items, so long as the actor remains within the premises of the store. Theft has not been completely effected. This constitutes an "attempt," under Section 15.01(a), Texas Penal Code, not a completed theft under Section 31.03(a), <u>id</u>..

## PRAYER

The Appellant respectfully requests this cause be dismissed on the basis of insufficient evidence of a completed offense; alternatively, the Appellant would request the cause be remanded to the Court of Appeals for reconsideration in light of a proper understanding of the requirements for a theft to be "complete," instead of "attempted."

Respectfully submitted,

___//ss//___Clement Dunn_____
State Bar No. 06249300
140 East Tyler, Suite 240
Longview, Texas 75601
Telephone: 903-753-7071
Fax: 903-753-8783

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Petition for Discretionary Review was delivered to the Gregg County District Attorney's Office, Gregg, Texas on this 23rd day of July 2015.

___//ss//___Clement Dunn_____

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Petition for Discretionary Review was mailed to the State's Prosecuting Attorney, P. O. Box 13046, Austin, Texas, 78711-3046 on this 23rd day of July, 2015.

___//ss//___Clement Dunn_____

**CERTIFICATE OF WORD COUNT**

I hereby certify that a total of 1861 words are included in this PDR.

___//ss//___Clement Dunn_____

# EXHIBIT A

Print this page

# Case # PD-0438-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 07/23/2015 04:38:16 PM |
| Case Number | PD-0438-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Clement Dunn |
| Firm Name | Clement Dunn |
| Filed By | Clement Dunn |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Clement Dunn |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 10172660 |
| Order # | 006203448-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | |
| Reference Number | |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 07/24/2015 11:10:38 AM | The petition for discretionary review does not contain a copy of the court of appeals opinion [Rule 68.4(j)]. You have ten days to file a corrected petition. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | R. Schelling PDR.pdf | [Original] |