

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-74,562-02

### EX PARTE RICHARD DOTSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1192825-B IN THE 177TH DISTRICT COURT
### FROM HARRIS COUNTY

**SLAUGHTER, J., filed a dissenting opinion in which YEARY, J., joined.**

## <u>DISSENTING OPINION</u>

More than ten years after he was convicted and sentenced for the instant drug offense, the Court grants Applicant a new direct appeal under the theory that his appellate counsel was ineffective for failing to challenge an improper sentencing enhancement. In his habeas pleadings, however, Applicant readily acknowledges that he had other prior criminal convictions that could have supported the enhancement in question. Further, the record suggests that Applicant did not raise any trial-level objection to the improper enhancement. Given the circumstances and the absence of precedent in 2009 clearly

showing that such unpreserved complaint would have constituted reversible error had it been raised, Applicant has failed to show that his appellate counsel was unreasonable for failing to raise this issue on direct appeal. Therefore, I cannot agree with the Court's decision to grant relief on this basis. Alternatively, even assuming that Applicant's ineffective-assistance claim is meritorious, I would remand this case for consideration of laches in light of the significant delay in bringing this issue to the Court's attention. For these reasons, I respectfully dissent.

## I. Background

In 2009, Applicant was tried by a jury for the state-jail felony offense of possession of less than a gram of cocaine, alleged to have occurred in November 2008. TEX. HEALTH & SAFETY CODE § 481.115(b) (West 2008). The State's indictment alleged two prior felonies for enhancement purposes under former Penal Code Section 12.42(a)(2): a 1992 conviction for burglary of a building, and a 1998 conviction for delivery of a controlled substance. Applicant pleaded true to the enhancements, which raised the range of punishment to that of a second-degree felony, and he was therefore sentenced to eighteen years' imprisonment. *See* TEX. PENAL CODE § 12.42(a)(2) (West 2008) (making state-jail felony punishable as second-degree felony upon showing that defendant has two prior "felony" convictions). However, the latter conviction for delivery of a controlled substance was in fact a state-jail felony. Although punishment for that offense had been enhanced to a felony range based on other prior convictions, pursuant to this Court's precedent, the offense remained classified as a state-jail felony for future enhancement purposes. *See Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001). Thus, it was unavailable to use as a "felony" to enhance Applicant's delivery offense under former Section

12.42(a)(2).

Following Applicant's conviction, on direct appeal, appellate counsel did not raise any point of error addressing the improper enhancement, instead raising only a claim of evidentiary insufficiency. The court of appeals rejected this argument and affirmed Applicant's conviction and sentence. *Dotson v. State*, No. 14-09-00213-CR, 2010 WL 1661930 (Tex. App.—Houston [14th Dist.] April 27, 2010).

In 2010, Applicant filed a *pro se* post-conviction habeas application challenging his conviction. This original filing did not raise the current claim of ineffective assistance of appellate counsel, instead raising several record-based claims and claims of ineffective assistance of trial counsel. None of Applicant's claims raised in his original *pro se* application addressed the unlawful enhancement.

Applicant was initially appointed counsel for his habeas application, but that counsel withdrew and, in 2011, the Harris County Public Defender's Office was appointed to represent Applicant in these habeas proceedings. In September 2012, the habeas court signed findings of fact and conclusions of law recommending that relief be denied on Applicant's original claims. However, the Public Defender's Office then filed an unopposed motion to rescind those findings so that it could complete its investigation of Applicant's case. The habeas court agreed and rescinded its findings. It is unclear what, if anything, transpired with the application during the following nine years, during which time the application remained pending.[1] In April 2021, the State filed new proposed findings of fact and conclusions of law. In those findings, it noted that the Public

---

[1] The habeas record reflects that Applicant's attorney of record changed several times, but he has been represented by the Public Defender's Office since 2011.

Defender's Office had not amended the application since being appointed to represent Applicant in 2011. The trial court signed those findings recommending that relief be denied. The case was then transmitted to this Court.

On June 15, 2021, habeas counsel filed in the trial court an amended application raising additional claims of ineffective assistance of trial and appellate counsel. Specifically, counsel alleged that trial counsel was ineffective for failing to object to the improper enhancement and that appellate counsel was similarly ineffective for failing to challenge the improper enhancement on appeal. Habeas counsel also filed in this Court a motion to remand "to resolve additional ground[s] for relief." We remanded the application to the habeas court for additional fact-finding on Applicant's newly-raised claims.

Following remand, Applicant abandoned his ineffective-assistance-of-trial-counsel claim and proceeded only on his ineffective-assistance-of-appellate-counsel claim. The habeas court adopted Applicant's proposed findings and conclusions recommending that relief be granted in the form of an out-of-time appeal. This Court now follows that recommendation, finding that Applicant's appellate counsel rendered constitutionally ineffective assistance by failing to raise the improper enhancement on direct appeal.

## II.    Applicant's Ineffective-Assistance Claim Lacks Merit

In his application, Applicant candidly acknowledges that he had other prior felony convictions that could have supported enhancement under former Section 12.42(a)(2). Therefore, he is precluded by this Court's holding in *Ex parte Parrott* from receiving relief on a freestanding illegal-sentence claim in this habeas proceeding. *See* 396 S.W.3d 531, 535-37 (Tex. Crim. App. 2013) (holding that habeas applicant raising illegal sentence/improper enhancement claim must establish harm, and he cannot do so if

enhanced punishment range was otherwise "supported by his actual criminal history"). Applicant has also abandoned his ineffective-assistance-of-trial-counsel claim, presumably because he recognizes that, if trial counsel had raised a timely objection to the improper enhancement in the trial court, the State would have simply substituted one of Applicant's other prior felony convictions for the objectionable state-jail felony, thereby avoiding the problem entirely. Thus, Applicant can only complain that his appellate counsel was ineffective for failing to challenge the improper enhancement on direct appeal.

But given the state of the law at the time of Applicant's direct appeal over a decade ago, it does not appear to be so clear-cut that this unpreserved complaint would have been meritorious had it been raised. To prevail on an ineffective-assistance-of-appellate-counsel claim, it must be shown that "(1) counsel's decision not to raise a particular point of error was objectively unreasonable, and (2) there is a reasonable probability that, but for counsel's failure to raise that particular issue, [the applicant] would have prevailed on appeal." *Ex parte Miller*, 330 S.W.3d 610, 623 (Tex. Crim. App. 2009). Thus, generally speaking, "if appellate counsel fails to raise a claim that has indisputable merit under well-settled law and would necessarily result in reversible error, appellate counsel is ineffective for failing to raise it." *Id.* at 624. Here, however, the claim in question was not indisputably meritorious. Given the lack of any trial objection to the improper enhancement, it is possible that an appellate court would have held such claim to be unpreserved and rejected it on that basis.

In a recent decision, we acknowledged a lack of clarity in the case law surrounding our treatment of "improper enhancement" claims, as compared to "illegal sentence" claims, and the circumstances under which such complaints must be preserved with a timely

objection at trial. *See Ex parte Hill*, 632 S.W.3d 547, 554-56 (Tex. Crim. App. 2021) (reviewing caselaw from 1981 to 2018 and observing that, while "improper enhancement" claims must be preserved at trial, "illegal sentence" claims based on improper enhancement need not be preserved with an objection in the trial court). In *Hill*, this Court considered a situation where a defendant's sentencing enhancements were proper as of the time of trial, but one of the enhancing convictions was later vacated on habeas review because of an involuntary plea. *Id.* at 550. We filed and set the case, in part, to decide whether "Applicant forfeited his illegal-sentence claims when he failed to object at trial[.]" *Id.* at 554. We recognized that to resolve this issue, we must "first review two different, but closely related, lines of cases" addressing illegal-sentence claims based on invalid enhancements, as compared to invalid-enhancement claims. *Id.* Reviewing the Court's caselaw in this area, we observed that we had allowed defendants to raise unpreserved illegal-sentence claims on post-conviction review, but in many such cases the defect in the enhancing conviction had not been apparent at the time of trial or on appeal. *Id.* at 554-55 (discussing *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006)). By contrast, we had required a trial objection to preserve ordinary "improper enhancement" claims. *Id.* at 555-56 (discussing *Hill v. State*, 633 S.W.2d 520 (Tex. Crim. App. 1981), and *Ex parte Patterson*, 969 S.W.2d 16 (Tex. Crim. App. 1998)). In attempting to harmonize these principles, we concluded that applicant Hill could raise his illegal-sentence claim based on an improper enhancement on habeas, notwithstanding the lack of a trial objection. *Id.* at 556. But in doing so, we declined to overrule our *Hill*/improper enhancement line of cases. We also noted that, unlike the present case, the illegality of applicant Hill's sentence "was not ascertainable from the appellate record, becoming apparent only years later when this

Court overturned his enhancement conviction on involuntary-plea grounds[.]" *Id.*

What is clear enough from our discussion in *Hill* is that, as recently as last year, there remained a lack of clarity in the caselaw with respect to the circumstances under which a trial-level objection would be required to preserve an improper-enhancement claim. The very fact that it was necessary to file and set the case on that issue in 2021 demonstrates that the law was unsettled as to that question at the time of Applicant's direct appeal in 2009. Further, unlike the situation in *Hill* where the problem with the enhancement was not apparent at trial or from the face of the appellate record, the problem with the enhancement in this case was present at trial and could have been objected to by trial counsel. Had counsel timely objected, the State could have likely substituted one of Applicant's other convictions for the problematic enhancement, thereby avoiding the error entirely. Given these circumstances and the fact that Applicant's criminal history actually supports enhancement here, I cannot fault appellate counsel for possibly viewing the error in question as a mere improper-enhancement claim subject to forfeiture, and not a true "illegal sentence" claim that could be raised for the first time on appeal in the absence of a trial objection. In short, counsel was not unreasonable for failing to raise this unpreserved point of error when the law was unsettled with respect to whether such point of error would have been meritorious. *Ex parte Chandler*, 182 S.W.3d 350, 359 (Tex. Crim. App. 2005) ("counsel's performance will be measured against the state of the law in effect during the time of trial and we will not find counsel ineffective where the claimed error is based upon unsettled law") (internal citation and quotations omitted). To the extent that the law has subsequently become clearer in the last decade with respect to the ability of litigants to obtain relief on these types of claims in the absence of a trial objection, that fact should not

obscure the reasonableness of counsel's conduct in 2009. *Id.* (noting that "a bar card does not come with a crystal ball attached"). Therefore, based on the state of the law at the time and the circumstances of Applicant's case, I cannot agree that Applicant has established his appellate counsel performed deficiently for failing to raise this unpreserved complaint.

### III.    Laches

As a separate consideration, even assuming for the sake of argument that Applicant has raised a meritorious ineffective-assistance claim, I would remand this case to the habeas court for the parties to address whether Applicant's claim should be barred by laches.

The record in this case shows that Applicant filed his *pro se* habeas application more than a decade ago, in 2010. Notably, the original *pro se* pleadings did not include the instant ineffective-assistance-of-appellate-counsel claim on which the Court today grants relief. The record further shows that Applicant was appointed counsel shortly after he filed the application. Although counsel of record has changed several times, the office currently representing him, the Harris County Public Defender's Office, has been representing Applicant for over a decade, since 2011. Habeas counsel did not amend the application to include the present IAC-appellate counsel claim until June 2021.

The record contains no explanation for why habeas counsel did not bring the amended application until ten years after his office was appointed to represent Applicant. Nor is there any explanation for what was happening with the application while it remained pending for ten years in the trial court. In my view, this situation presumptively raises the issue of laches based on habeas counsel's apparent delay in filing the amendment, and the Court should not grant relief without addressing it. *See Hill,* 632 S.W.3d at 551 ("The

purpose of the laches doctrine is 'to consider whether an applicant has slept on his rights and, if he has, how that has affected the State, and whether, in light of the delay, it is fair and just to grant him relief.'") (quoting *Ex parte Perez*, 398 S.W.3d 206, 218-19 (Tex. Crim. App. 2013)). Because the issue of laches has not yet been developed in the trial court, remand is appropriate to address that issue before the Court decides to grant relief.

## IV.  Conclusion

Given the lack of clarity in the law with respect to whether Applicant's unpreserved improper enhancement claim would have resulted in reversal on direct appeal, I conclude that Applicant has failed to establish his claim of ineffective assistance of appellate counsel. Applicant's claim essentially amounts to an attempt to circumvent this Court's holding in *Parrott* by reframing his complaint as one of ineffective assistance of appellate counsel. The Court should not permit relief under these circumstances unless Applicant clearly meets the requirements for establishing this claim, which he does not. Accordingly, I would deny relief on this basis. Alternatively, even assuming that Applicant's ineffective-assistance claim has merit, the Court should remand for an evaluation of laches before granting relief on this claim. For the foregoing reasons, I respectfully dissent.


FILED: March 16, 2022
Publish