## PET HARRIS v. THE STATE.

*No. 2851.  Decided March 19.*

**1.  Theft—Asportation.**—A fraudulent taking of property is, under our statute, an indispensable element of theft. But while this is so, neither actual manual possession by the thief nor asportation is essential to complete the offense. Constructive possession by the thief, and constructive interruption by him of the owner's possession, such as places the thief in actual control of the property, that is, places him in actual dominion over it with power to take it into his actual manual possession, is sufficient. The degree of the offense—whether felony or misdemeanor theft—was the issue in this case. The proof shows that the injured party placed $51 in a bureau drawer and locked the drawer; that the defendant unlocked the drawer, drew it out far enough to admit his hand, took $6 out of the drawer, and had his hand in the drawer when detected. Under this state of the proof the State prosecuted for felony theft, while the defense insisted that the amount actually taken being but $6 the offense was merely misdemeanor theft. The charge of the court submitted both theories to the jury and they convicted of felony theft. *Held,* correct. The effect of the proof was to show that the defendant had taken actual control and possession of all the money in the drawer when he unlocked and pulled out the drawer, and that he then had dominion over it with power to take it into his actual manual possession.

**2.  Same—Voluntary Return of Stolen Property.**—The proof shows that the accused returned the stolen property upon the demand of the owner. *Held,* not to constitute a voluntary return of stolen property.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. C. L. Cleveland.

The opinion states the case.

*Gustave Cook,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a judgment of conviction for theft of over $20 in money.

The case is a novel one, and the facts, succinctly stated, are fully set forth in the following statement of the prosecuting witness, viz.: "The defendant was employed by me to do some work in the back part of my store. His work did not require him to go upstairs. I noticed him go upstairs, and almost immediately he came down and went off the premises. Very soon on the same day he came back, and I observed him again going upstairs, where he had no business. I then followed him upstairs, and saw him have his hand in a (bureau) drawer which I had left locked, and in which I had locked up $51 in money, of the silver coinage of the United States, of the value of $51, and which was my property. Defendant had unlocked my drawer with his own keys, which were then in the drawer, and had his hand in the drawer when I saw him. The drawer which I had left locked and in which I had the money, was unlocked and pulled out about one foot, and his hand was in this drawer and his keys were in the keyhole of the drawer when I discovered him. I at once demanded of him to hand over the money which he had taken or I would call a policeman at once. He gave me what he had in his hand and some that he had in his pocket. The money that he gave me was $6 in silver. The other $45 was in the drawer, and what he returned to me and what was still in the drawer when I came up made up the $51 I (had) left in the drawer" (before the theft).

Upon this state of the case the prosecution insisted that defendant was liable for the theft of the $51 and guilty of a felony, whilst the defense was that he was only liable for the theft of $6, which would be a misdemeanor.

In the general charge the court instructed the jury, in effect, that if defendant, under circumstances amounting to theft, unlocked the drawer and partly removed the open drawer and took therefrom a part of the money contained in said drawer, though the part so taken may have been less than $20 at the time he was discovered in the act of removing the contents of the said drawer, then they should find him guilty of theft of $20 or over, and assess his punishment in the penitentiary not less than two nor more than ten years. At the instance of defendant a special requested instruction, presenting the defendant's theory, was given, to the effect that if the jury were not satisfied beyond a reasonable doubt that the defendant took at least $20 into his actual possession, then they should find

him guilty of theft of property of value less than $20, and fine him not to exceed $500 and imprison him in the county jail not to exceed one year, or imprison him without fine.

As above stated defendant was found guilty of a felony, that is, of theft of $20 and over, and given two years in the penitentiary.   In other words, he has been found guilty of the theft of the entire amount of $51, the entire sum of money contained in the drawer.

At common law the main contention in such a case would have been as to the sufficiency of the proof to establish asportation of the property, which, at common law, was an essential ingredient of larceny.   "At common law," says Mr. Russell, "it appears to be well settled that the felony lies in the very first act of removing the property, and therefore that the least removing of the thing taken from the place where it was before with an intent to steal it is a sufficient asportation, though it be not quite carried away."   Citing 4 Blackst. Com., 231.   Again he says, "But if any part of the thing is removed from the space that part occupied, though the whole thing is not removed from the whole space which the whole thing occupied, the asportation will be sufficient."   2 Russ. on Crimes, 9 Am. ed., 152.

Mr. Bishop says: "The doctrine is that any removal, however slight, of the entire article which is not attached either to the soil or to any other thing not removed, is sufficient, while nothing short of this will do. Therefore, if the thief has the absolute control of the thing but for an instant the larceny is complete."   2 Bish. Crim. Law, 7 ed., secs. 794, 795.

We are not prepared to say that even at common law the facts in this case would not sufficiently have established the asportation of the entire sum of money contained in the drawer.   This, however, it is unnecessary for us to decide, since under our statutes asportation is not necessary to constitute the crime of theft.   With us the essential element of theft is the fraudulent taking (Penal Code, art. 724), and it is expressly provided that "to constitute 'taking' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof—if but a moment elapse the offense is complete."   Penal Code, art. 726.   Neither asportation nor actual manual possession of the property is, under our code, essential to constitute theft.   Conner v. The State, 24 Texas Ct. App., 245; Coward v. The State, 24 Texas Ct. App., 590; Doss v. The State, 21 Texas Ct. App., 505; Willson's Crim. Stats., sec. 1267.

The rule with us is that "to constitute theft there must be a fraudulent *taking* of the property, and while there may be a taking of the property without actual manual possession of it, still the property must in some manner have come into the possession of the party accused of the

theft, either actually or constructively, or he can not be said to have taken it." Minter v. The State, 26 Texas Ct. App., 217. Where there has been no actual manual taking, still a constructive possession and a constructive interruption of the possession of the owner of the property, or where the accused has actual control of the property, that is, has it under his actual dominion with power to take it into his actual manual possession, it is sufficient. Id.

In the case in hand the defendant had taken actual control and possession of all the money in the drawer when he unlocked and pulled out the drawer, and had dominion over it with power to take it into his actual manual possession. The charge of the court presented the law correctly, and the evidence is sufficient to support the conviction.

There was no voluntary return of the property. Grant v. The State, 2 Texas Ct. App., 163; Willson's Crim. Stats., sec. 1287. "A person who takes a thing feloniously does not purge the offense by handing it immediately back to the owner." 2 Bish. Crim. Law, 7 ed., sec. 796.

We have found no error in the conviction, and the judgment is affirmed.

*Affirmed.*

Hurt, J., absent.