**James Robert COLEMAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–0616–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1991.

Rehearing Denied Feb. 28, 1991.

Henry L. Burkholder, III, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury found appellant guilty of burglary of a habitation. The trial court assessed punishment at ten years confinement in the Texas Department of Criminal Justice, Institutional Division, probated. In three points of error, appellant challenges the sufficiency of the evidence and the effectiveness of his trial counsel. We affirm the judgment of the trial court.

■ In his first point of error, appellant contends the evidence is insufficient to establish that appellant unlawfully entered the Terrarzas residence as alleged. We must review the evidence in the light most favorable to the jury's verdict to determine whether a rational trier of fact could have found he did so beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex. Crim.App.1989). This standard is applied to both direct and circumstantial evidence cases. *Butler*, 769 S.W.2d at 239. It is sufficient if the cumulative force of all incriminating circumstances would permit a rational trier of fact to find, beyond a reasonable doubt, that appellant had entered the residence. *Castillo v. State*, 739 S.W.2d 280, 288 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1228, 108 S.Ct. 2889, 101 L.Ed.2d 924 (1988). The evidence before us meets that standard.

Matthew Landers testified he heard a banging noise coming from across the street. He looked through the window of

his home and saw a white male, around sixteen or seventeen years old, wearing blue pants and a red and black flannel shirt trying to kick in the front door of Don Terrazas' house. Unsuccessful at kicking in the door, the person went to the back of Terrazas' house.

About this same time, Landers' mother, Mary Ann Aljier, was on her way home. She testified she saw a sixteen or seventeen year-old boy, wearing a red and navy blue, or black, plaid flannel shirt and jeans, walking behind the Terrazas house. She said she noticed him because he was looking at the house in a "peculiar" way, "as if checking it out or something."

When she got home, Landers told her what he had seen. The two went out in front of their house to look around. Aljier said she heard "a banging going on"; the sound was coming from behind the Terrazas house. Landers told her it was the same sound he heard earlier. Aljier went inside and called the the Harris County Sheriff's Department.

About fifteen minutes later, they saw the young man they had seen earlier walking out of Terrazas' back yard. Aljier and Landers stood outside and waited for someone from the sheriff's department to arrive.

The screen had been removed from one of the rear windows of Terrazas' house. Muddy footprints were found in and around that window. Footprints were also found on the front and rear doors. Photographs of the footprints were entered into evidence. Deputy sheriff George Warren, testified that appellant's tennis shoes were muddy when he found him a short while after the burglary, and the pattern on the bottom of the shoes matched the pattern of the footprints in and around the Terrazas house. The shoes were admitted into evidence and available for the jury's inspection.

Don Terrazas testified that someone had been inside his house. Various items were found upside down, closet doors were open, coins were missing, and food was eaten in the kitchen.

There was ample evidence from which the jury could rationally have found beyond a reasonable doubt that appellant unlawfully entered Terrazas' house. Appellant's first point of error is overruled.

In his second point of error, appellant argues that the greater weight and preponderance of evidence fails to support a finding that he unlawfully entered the Terrazas house. Appellant asks us to apply the standard of review outlined in *Meraz v. State*, 785 S.W.2d 146 (Tex.Crim.App. 1990). *Meraz* held that the courts of appeals have "conclusive fact jurisdiction in regards to 'questions of fact' concerning the proof of an issue on which the defendant has the burden of proof and the burden of persuasion." 785 S.W.2d at 154. Appellant is correct that the standard of review to be applied to the evidence on issues on which the appellant has the burden of proof and the burden of persuasion is "whether after considering the all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust." *Id.* at 155. But the *Meraz* holding is simply inapplicable to this case.

Entry into the Terrazas house was an essential element of the offense with which appellant was charged. Tex.Penal Code Ann. § 30.02. Unlike affirmative defenses, to which the *Meraz* court addressed itself, the state, not appellant, had the burden of proof on the issue of entry. We have already determined that the evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that appellant had entered Terrazas' house. Therefore, the jury's answer cannot be against the great weight and preponderance of that same evidence. Point of error two is without merit and is overruled.

In his final point of error, appellant asserts he did not receive effective assistance of counsel because his attorney did not object to evidence acquired as a result of his warrantless arrest. The right to counsel means the right to reasonably effective assistance of counsel, but it is not a guarantee of errorless representation.

*Strickland v. Washington,* 466 U.S. 668, 691–92, 104 S.Ct. 2052, 2066–67, 80 L.Ed.2d 674 (1984); *Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim.App.1980). Appellant has the burden to show that his counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064–65. He must establish that but for counsel's deficient performance the result of the trial would have been different. *Id.* at 689, 104 S.Ct. at 2065.

Deputy Warren responded to a radio dispatch that a burglary was in progress at Terrazas' address. When he arrived he spoke with Aljier and Landers, who told him what they had seen. They gave Warren a description, but could not otherwise identity the person they had seen. While Warren was searching the area, Landers told him he had just seen the suspect at a basketball court on an adjacent street. Landers drove to the spot. Appellant did not appear to have been playing basketball with the other boys on the court, and he fit the description given by Landers and Aljier. Warren then took appellant back the Terrazas house where Landers and Aljier identified him as the boy they had seen earlier.

Deputy Warren had satisfactory proof that a burglary had just been committed. Appellant met the description of the person seen "checking out" the residence, attempting to kick in the door and leaving the back yard of the residence. Appellant was found on a public street near the scene of the crime, in close proximity to the time of the crime. Warren was justified in arresting appellant without a warrant. *Dejarnette v. State,* 732 S.W.2d 346, 353 (Tex.Crim.App.1987); *West v. State,* 720 S.W.2d 511, 513 (Tex.Crim.App.1987), *cert. denied* 481 U.S. 1072, 107 S.Ct. 2470, 95 L.Ed.2d 878.

Appellant has not shown that his counsel's representation fell below an objective standard of reasonableness, and that but for counsel failure to object to evidence derived from his warrantless arrest the result of his trial would have been different. Point of error three is overruled.

We affirm the judgment of the trial court.