ACCEPTED
06-14-00173-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/11/2015 4:04:12 PM
DEBBIE AUTREY
CLERK

## NO. 06 – 14 – 00173 – CR

_____

# IN THE SIXTH DISTRICT COURT OF APPEALS TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/11/2015 4:04:12 PM
DEBBIE AUTREY
Clerk

_____

ROCHELLE SCHELLING,
Appellant,
v.
THE STATE OF TEXAS,
Appellee

On appeal from the 124th District Court, Gregg County, Texas
Trial Court Case No. 43049-B

_____

## BRIEF OF THE STATE OF TEXAS

_____

CARL DORROUGH
GREGG COUNTY
CRIMINAL DISTRICT ATTORNEY

Zan Colson Brown
Texas Bar No. 03205900
Assistant Criminal District Attorney
Gregg County, Texas
101 East Methvin St., Suite 333
Longview, Texas  75601
Telephone: (903) 236–8440
Facsimile:  (903) 236–3701
Email: zan.brown@co.gregg.tx.us

ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......................................................................2

STATEMENT OF FACTS ........................................................................3

SUMMARY OF THE ARGUMENT .........................................................6

ARGUMENT AND AUTHORITIES .........................................................7

*1. The sole issue is whether the state's evidence was sufficient to prove theft if they prove that a person pushed a basket full of unreceipted merchandise past all points of sale and past theft detectors, but was caught before exiting the doors of the store.* .......................................................7

*a. Standard of Review.* ...........................................................7

*b. Evidence is sufficient to prove that Schelling appropriated the property, intending to deprive the owner of the property.* ...................................................................9

*c. The statute does not require removal of the property from the premises.* ................................................9

*d. Case law is well settled that removing property from premises is not an element of the theft statute.* ............9

*e. Application: Schilling, with merchandise in a cart, pushed the cart past the cash registers and theft detectors and toward the doorway. Evidence of appropriation is sufficient.* ...............................................12

*f. Evidence is sufficient to prove lack of consent.* ...................12

CONCLUSION AND PRAYER................................................................13

CERTIFICATE OF SERVICE...............................................................14

CERTIFICATE OF COMPLIANCE......................................................14

# INDEX OF AUTHORITIES

## Federal Cases

*Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ...........7

## State Cases

*Barnes v. State,* 513 S.W.2d 850, 851 (Tex. Crim. App. 1974) .............................11

*Castillo v. State,* 739 S.W.2d 280 (Tex. Crim. App. 1987).......................................8

*Coleman v. State,* 804 S.W.2d 563, 564 (Tex. App. Houston 14th Dist. 1991)........8

*Harris v. State,* 29 Tex. Ct. App. 101, 14 S.W. 390, 391 (1890) ...........................11

*Hawkins v. State,* 214 S.W.3d 668, 670 (Tex. App. Waco 2007) ...........................11

*Hill v. State,* 633 S.W.2d 520 (Tex. Crim. App. 1981) .......................................9, 10

*Hooper v. State,* 214 S.W.3d 9 (Tex. Crim. App. 2007) ...........................................7

*Jarrott v. State,* 108 Tex. Crim. 427, 1 S.W.2d 619 (Tex. Crim. App. 1927).........11

*Malik v. State,* 953 S.W.2d 234 (Tex. Crim. App. 1997) .........................................8

## State Statutes

Tex. Pen. Code Ann. § 31.03 (Vernon) ....................................................................9

Tex. Pen. Code Ann. § 31.03(a).............................................................................11

Tex. Penal Code  § 31.01 (4) (2011)...................................................................9, 10

Tex. Penal Code § 31.03 ..........................................................................................9

Tex. Penal Code §30.02 ............................................................................................9

## State Rules

Appellate Procedure, Rule 9 (2012)........................................................................16

3 RR 30.

## STATEMENT OF FACTS

Rochelle Schelling was indicted for the offense of theft enhanced by two prior convictions for theft.) CR 4. A second paragraph was abandoned at trial. CR 11. The date of the primary offense was July 31, 2013, and the date of the indictment was October 10, 2013.

Schelling was stopped and confronted on video by store personnel at Wal-Mart on Estes Parkway in Longview, Gregg County, Texas, pushing a shopping cart containing unpurchased and unbagged merchandise worth $526.19. SX 2,3,4; 3 RR 16-17.

Destinee Jeffery, a customer service supervisor, testified she saw that merchandise was in the buggy, but not in bags, so she grabbed the buggy, confronted Schilling and asked for a receipt. SX 3, 3 RR 14. Unable to produce one, Schelling said she would have to go to the car to get money, but never returned with any money. 3 RR 16. Jeffery followed Schilling to the parking lot while she was calling police. SX 3; 3 RR 22. Jeffery watched her walk to a car, but the passengers would not let her in, and told Jeffery they didn't know that she was doing that. 3 RR 16. Then Schilling walked toward the gas station and asked someone if she could get in the car, and she did. 3 RR 16. Jeffery told the police which vehicle she got in, and which

3

direction they were going, and the police eventually caught her and brought her back. 3 RR 16.  Jeffery and Kevin Clay, WalMart's asset protection manager, met with her and the police in the Asset Protection room, where Schilling admitted committing the crime, and Clay and Jeffery scanned the items from the buggy, gave the police the total and then the police took her to jail. 3 RR18.

WalMart's surveillance system recorded Schilling attempting to leave the store without paying for the merchandise. 3 RR 19.

Jeffery described the entry/exit way, an area somewhat separated from the main store where the confrontation occurred as the video was displayed:

Q. . . . Ms. Jeffery, can you describe where we're at in the store; where the cash register's at, where's the exit door, and what those blue rails are?
A. The blue rails are the point of sale. They're -- the registers are in the back, and in the front of her are the exit doors.
Q. Okay. And if you can just use the laser pointer to point on that frame. Behind her are all the cash registers, I think is what you're trying to say, right?
A. Yes.

3 RR 21.

Q. So at this point she's passed all registers, she's passed the detectors, and she's headed toward the exit doors?
A. Yes, sir.
Q. And she had a buggy full of items that she had no receipt for and were not bagged?

3 RR 22.

4

On cross-examination, Jeffery confirmed that Schilling never exited the doors of the store with the merchandise. 3 RR 28. None of the merchandize had been damaged or altered. 3 RR 28. No tags had been removed. 3 RR 30.

On re-direct, the prosecutor ascertained with Ms. Jeffery that nobody from WalMart ever gave Schilling permission to take the items. 3 RR 29. Schilling never came back to pay like she said she would. 3 RR 30.

When the State gave a closing argument, he briefly summarized the evidence and concluded "Theft is theft." 3 RR 41.

Defense counsel's argument was that the appropriation of the property was never completed, because WalMart employees prevented it. 3 RR 42. He further argued that his client never appropriated, by acquiring or otherwise exercising control over property. 3 RR 43.

The judge held that one does not have to exit the store to commit theft. The State's burden was to prove that the burden had the intent and appropriated the property without the owner's effective consent. The trial court ruled that the State had proved all the required elements of theft of property under $1,500, after Schilling had stipulated to two prior

5

convictions; Schilling was therefore guilty of theft habitual, a state jail felony. 3 RR 47-48. .

This appeal ensued.

## SUMMARY OF THE ARGUMENT

The evidence is sufficient to support the conviction for theft. Although Schelling never left the store with the merchandise, video evidence showed that she pushed the buggy containing merchandise past the cash registers and theft detectors and attempted to avoid the receipt checker's notice by veering behind her back while she was talking to another customer. The conviction should be affirmed.

**1.    The sole issue is whether the state's evidence was sufficient to prove theft if they prove that a person pushed a basket full of unreceipted merchandise past all points of sale and past theft detectors, but was caught before exiting the doors of the store.**

Appellant argues that the evidence is insufficient in that she never left the store with the merchandise.

**a.    Standard of Review.**

The standard of review for a challenge to sufficiency of evidence is set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). A reviewing court is required to defer to a fact-finder's credibility and weight determinations. *Brooks v. State,* No. PD-0210-09, 2010 Tex. Crim. App., LEXIS 1240, (Tex. Crim. App. October 6, 2010).

On review for sufficiency of evidence, Appellate courts cannot reverse a conviction on legal grounds unless no rational factfinder could find the defendant guilty beyond a reasonable doubt. *Jackson*, 443 U.S., 318-19. The evidence is examined in a light most favorable to the verdict. This standard is applied to both direct and circumstantial evidence cases. "Circumstantial evidence is as probative as direct evidence in establishing

7

the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. On appeal, the same standard of review is used for both circumstantial and direct evidence cases." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (internal citations omitted.) It is sufficient if the cumulative force of all incriminating circumstances would permit a rational trier of fact to find, beyond a reasonable doubt, that appellant had entered the residence. *Coleman v. State*, 804 S.W.2d 563, 564 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (citing *Castillo v. State*, 739 S.W.2d 280, 288 (Tex. Crim. App. 1987)).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

A hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik,* at n. 2.

8

**b. Evidence is sufficient to prove that Schelling appropriated the property, intending to deprive the owner of the property.**

Appellant challenges the sufficiency of the evidence to support the element of appropriation, because she did not leave the store with the property.

**c. The statute does not require removal of the property from the premises.**

The legislature has made it an offense to unlawfully appropriate property with intent to deprive the owner of property; appropriation is unlawful if it is without the owner's consent. Tex. Pen. Code Ann. § 31.03 (Vernon) (a) and (b) (2013). "Appropriate" means "to acquire or otherwise exercise control over property other than real property." Tex. Penal Code § 31.01 (4) (2013Tex. Pen. Code Ann. § 31.01(4) (Vernon 2014).

**d. Case law is well settled that removing property from premises is not an element of the theft statute.**

Schelling' brief *Hill v. State*, 633 S.W.2d 520 (Tex. Crim. App. 1981) istinguishes *Hill v. State*, which was cited by the judge for the proposition

9

that she did not have to remove the property from the store to be convicted of theft. *Hill v. State*, 633 S.W.2d 520, (Tex. Crim. App. 1981). In *Hill*, the thief concealed a stolen gun under his shirt, and there is no evidence that Schilling attempted to conceal any of the property under her clothing or in her purse.

However, the court was relying on wording from *Hill,* which he paraphrased as follows: what is necessary is -- to prove for appropriation is that the defendant exercised control over the property, coupled with the intent to deprive the owner of the property without the owner's effective consent. 3 RR 47.

In an unpublished opinion from Houston's First District Court of Appeals, a conviction was upheld on these facts: Slaughter was caught by a store alarm that detected anti-theft devices in his bag as he attempted to leave the store with merchandise from the store in a garbage bag. *Slaughter v. State,* 1994 Tex. App. LEXIS 343 (Tex. App. Houston 1st Dist. Feb. 17, 1994 memorandum opinion, not designated for publication). The manager told him to stop and return the merchandise. *Id.* He took a tee shirt from his bag and threw it down on the counter and turned to leave again. *Id.* The

10

manager blocked his exit and Slaughter dropped his entire bag and left. *Id.* He was caught before leaving the mall and tried and convicted. *Id.*

It is well settled that asportation--the act of carrying away or removing property--is not an element of statutory theft. See Tex. Pen. Code Ann. § 31.03(a) and (b) (2011); *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.). A defendant who took possession and control of car by entering it and starting the motor, with his hands on steering wheel with obvious intent to drive it away, was guilty of felony theft of car although he was interrupted before he had time to abscond with it. *Barnes v. State*, 513 S.W.2d 850, 851 (Tex. Crim. App. 1974). In 1927, the court held that one fraudulently appropriating another's property may be convicted of theft, though not removing it from owner's premises. *Jarrott v. State*, 108 Tex. Crim. 427, 1 S.W.2d 619, 621 (Tex. Crim. App. 1927). As long ago as 1890, an appellate court found that momentary taking of money from drawer, though immediately returned to owner when caught, was sufficient to constitute larceny. *Harris v. State*, 14 S.W. 390, 391 (Tex. App. 1890, no pet.).

**e.      Application: Schilling, with merchandise in a cart, pushed the cart past the cash registers and theft detectors and toward the doorway.  Evidence of appropriation is sufficient.**

The State was not required to prove that Schilling left the store with the items.  The proof that she pushed a buggy containing unreceipted items past the cash register area past the theft detectors, and attempted to avoid producing a receipt is sufficient evidence that she appropriated or exercised control over the merchandise with the intent to leave without paying for the merchandise.   Her claim that the State did not prove theft because the store personnel caught the thief before she exited the store is meritless and should be denied.

**f.      Evidence is sufficient to prove lack of consent.**

The testimony of Destinee Jeffrey included a statement that nobody in Wal-Mart, not even the asset-protection manager, had given Schilling permission to remove the items. No objection was lodged to this testimony.

> Q. Ms. Jeffery, did -- did you give Ms. Schelling permission to take those items without paying for them?
> A. I did not.
> Q. Did anyone from Wal-Mart give her permission to take those items; do you know of anyone from Wal-Mart?
> A. No.
> Q. Kevin Clay didn't give her permission?
> A. Kevin Clay did not.

12

**CONCLUSION AND PRAYER**

The evidence is sufficient to support Schelling's conviction for theft. She appropriated the merchandise by pushing the buggy containing it past the cash register area and past the theft-detectors and attempting to avoid the woman checking for receipts. The State is not required to prove she left the premises with the merchandise. The State may—and did-- prove lack of owner's consent and intent to deprive. The State prays that this Court will reject Appellant's issue and affirm the Trial Court's judgment and sentence.

Respectfully Submitted,
CARL L. DORROUGH
Criminal District Attorney
Gregg County, Texas

/S/*Zan Colson Brown*
Zan Colson Brown
Texas Bar No. 03205900
Assistant Criminal District Attorney
101 East Methvin St., Suite 333
Longview, TX 75601
Telephone: (903) 236–8440
Facsimile: (903) 236–3701
Email: zan.brown@co.gregg.tx.us

13

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by electronic filing service to

Mr. Clement Dunn
140 East Tyler, suite 240
Longview, Texas 75601
Email: clementdunn@aol.com

this 11th day of February, 2015.

/s/ *Zan Colson Brown*
Zan Colson Brown
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 (2014) regarding length of documents, in that exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 2,021 words.

/s/ *Zan Colson Brown*
Zan Colson Brown
Assistant District Attorney

14

15